SOUTHSIDE WATER ASSOCIATION, INC. *v.*
John HARGAN d/b/a HARGAN CONSTRUCTION
COMPANY

CA 80-67                                    630 S.W. 2d 466
Court of Appeals of Arkansas
Opinion delivered September 3, 1980

*H. David Blair*, for appellant.

*James A. McLarty* for appellee.

MARIAN F. PENIX, Judge. Both parties were defendants in a lawsuit filed by Alva Bechdoldt, a water customer of appellant Southside Water Association, Inc. John Hargan, appellee, was working on the extension of a water system pursuant to a contract awarded to him by Southside. The extension work caused a substantial increase in water pressure which caused a valve to pop from Alva Bechdoldt's hot water heater. This accident resulted in personal injuries to Ms. Bechdoldt. She alleged in her complaint that both appellant and appellee were jointly and severally liable for negligence. The appellant answered Bechdoldt's complaint and cross-claimed against appellee seeking indemnity under its contract with appellee. The parties agreed the Court would decide the indemnity issue after the jury verdict on the personal injury claim. The trial court denied the appellant's claim for indemnity against appellee Hargan. The Water Association appeals.

The indemnity provision of the contract provided:

15. *Responsibility of Contractor, Protection of Work, Persons and Property*

C. The Contractor shall fully indemnify the Owner, the Engineers, and the representatives of each, and hold them harmless against all liability, claims, judgments and demands for damages arising from injury to any person whomsoever, including death, and including, but not limited to employees of the Contractor, all subcontractors, and their employees, and which injury, death or damage may in any way arise out of the prosecution of the work hereunder by the Contractor or subcontractors, and without regard to negligence on the part of anyone whomsoever.

The personal injury case was submitted to the jury on interrogatories.

Interrogatory No. 1: Do you find appellee (Hargan Construction Company) to have been guilty of negligence?

Answer: No.

Interrogatory No. 2: Do you find appellant (Southside Water Association, Inc) was guilty of negligence?

Answer: Yes.

Southside Water Association alleges the Court erred in refusing to allow Southside's claim for contractual indemnity against Hargan Construction Company. We must look to the contract to determine if the damages to Ms. Bechdoldt "in any way arise out of" Hargan's work under the contract, and if so, if Hargan agreed to be responsible for such damages.

Southside's Contract provided for a line item bid on each item of work contained on the Contract. Southside elected to withhold from the contract some items which would be needed, i.e., the purchase and installation of pressure-reducing valves for those users who would be located in areas of high pressure. The contract did not include furnishing or installing pressure regulators.

Southside's manager, Andrew Duchanoy, testified high pressure caused the Bechdoldt accident. When asked what could have been done to prevent the high water pressure from causing the accident he replied the only thing that could have been done was to put a pressure regulator on the meter. When asked if the contract called for Hargan to put in pressure regulators, Duchanoy answered that the contract did not call for such. He further testified Mr. Graham, a consulting engineer, had informed the Water Board the new construction by Hargan would cause high and low pressures. He also testified it became the Water Association's responsibility to furnish a regulator for Ms. Bechdoldt's line between her

meter and her house. He stated Hargan's responsibility ended at the customer's meter.

Hargan argues, with merit, Southside's appeal ignores the contractual defined as "work to be performed by the contractor or subcontractor including labor and/or materials." Hargan further argues the duty to provide or install pressure regulators is not contained within Hargan's contract. Hence, the injury could not have arisen due to the prosecution of work under the contract.

However, under the broad terms of this contract ". . . which injury or damage may in any way arise out of the prosecution of the work hereunder. . .", the evidence leaves little doubt that the occurrence was in fact caused by the work done under the contract. The increase in pressure caused the valve to pop which in turn directly caused the injury. The work done by the Appellant, Hargan, caused the increase in the water pressure. The high pressure was the result of the "prosecution of the work". The failure of the Water Association to buy and install a pressure reducing valve was negligence but under this contract is of no importance. The broad sweeping language of the indemnity contract, clearly and unequivocally states Hargan will not be relieved of liability by the negligence of anyone. The 1970 case of *Pickens Bond Construction Co.* v. *North Little Rock Electric Co.*, 249 Ark. 389, 459 S.W. 2d 549 states the Arkansas position as originally expressed by Justice Brown in *Hardeman* v. *Hass Co.*, 246 Ark. 559, 439 S.W. 2d 281 (1969):

> The precise question is whether this indemnity provision obligates the subcontractor to indemnify the prime contractor for damages arising out of the negligence of the prime contractor which was the proximate cause of Turpin's injuries. The intention of Hass to so obligate itself *must be expressed in clear and unequivocal terms* and to the extent that no other meaning can be ascribed. 41 Am. Jur 2d, Indemnity §15. Where an injury is caused by the sole negligence of the indemnitee many courts in interpreting the indemnity contract predicate their intepretation on the theory that such a

liability would be unusual and harsh; consequently, the courts endeavor to relieve the indemnitor of liability to the negligent indemnitee. 175 A.L.R., p. 32, §18. [Emphasis supplied].

The language of this indemnity contract is very clear and unequivocal.

In reviewing the record and reading the terms of the contract, we find the injury to Mrs. Bechdoldt to have been a direct result of the "prosecution of work" by Hargan. Consequently, Hargan must now indemnify the Water Association for the injury to Ms. Bechdoldt.

Reversed and remanded for proceedings not inconsistent with this opinion.