WEAVER-BAILEY CONTRACTORS, INC. *v.*
FISKE-CARTER CONSTRUCTION COMPANY

CA 82-478                                              657 S.W.2d 209

Court of Appeals of Arkansas
Division II
Opinion delivered September 21, 1983

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Anderson & Kilpatrick,* by: *Overton S. Anderson,* for appellee.

GEORGE K. CRACRAFT, Judge. Weaver-Bailey Contractors, Inc. appeals from a judgment of the Circuit Court of Izard County holding it liable to Fiske-Carter Construction Company in the amount of $152,500. Appellant contends that the trial court erred in imposing liability on it for that amount under an indemnity agreement existing between the parties. We agree.

None of the facts were in dispute and the case was submitted to the trial court sitting without a jury on a stipulation of facts. Construction Advisors, a firm of general contractors, entered into a construction contract with Travenol Laboratories for the erection of a plant in Ash Flat, Arkansas. Construction Advisors then entered into a subcontract with Fiske-Carter Construction Company which was to perform a portion of the excavation, foundation and concrete work. In connection with that subcontract Fiske-Carter executed a separate agreement in which it agreed to

hold Construction Advisors harmless against any claims arising out of, or occasioned by, the work done by Fiske-Carter. This agreement is not involved in this appeal.

Fiske-Carter in turn subcontracted with Weaver-Bailey Contractors for concrete work to be done on the plant. Weaver-Bailey likewise executed an indemnity agreement in favor of Fiske-Carter. Construction Advisors was not party to that agreement.

During the course of the construction an employee of Fiske-Carter was injured and brought an action for negligence against Weaver-Bailey Contractors, Inc. and Construction Advisors jointly and severally. By proper pleadings Construction Advisors sought judgment over from Fiske-Carter under their indemnity agreement for any liability imposed on it in the tort action. Fiske-Carter sought similar relief from Weaver-Bailey under their indemnifying agreement. Both of these claims for relief by way of indemnity were severed from the trial of the action for negligence.

A jury returned a verdict in that case for the injured employee in the amount of $450,000 and apportioned the liability of Construction Advisors at 90% and Weaver-Bailey Contractors at 10%. Judgment was entered accordingly and affirmed on appeal. Construction Advisors and Weaver-Bailey each satisfied the judgment against them in full.

After paying its apportioned amount of the judgment Construction Advisors pursued its claim against Fiske-Carter for reimbursement under their indemnity agreement. A settlement was reached under which Fiske-Carter paid Construction Advisors the sum of $152,500. The obligation of Fiske-Carter to pay that sum under that agreement was not questioned and is not an issue on this appeal.

Fiske-Carter then pursued its claim to obtain reimbursement from Weaver-Bailey Contractors for the $152,500 it had paid Construction Advisors. It based its claim on the following provision of the indemnity agreement existing between them:

> Weaver-Bailey Company of North Little Rock, Arkansas hereby agrees to indemnify and save Fiske-Carter Construction Company harmless from and against any and all costs, loss and expense, liability damages, . . . or claims for damages . . . on account of any injury to persons . . . arising or resulting from the work provided for or performed, or from any act, omission, or negligence of Weaver-Bailey Company and its agents or employees in the course of performing on Travenol Ash Flat job.

On the stipulated facts the trial court, sitting without a jury, entered judgment against Weaver-Bailey in the sum of $152,500 with interest and costs. We agree with appellant that these facts do not form a sufficient basis for imposing liability on Weaver-Bailey.

The sole question for our determination is whether the quoted language expresses in clear and unequivocal terms an intent that Weaver-Bailey indemnify Fiske-Carter against losses arising under independent agreements with third parties to such an extent that no other meaning can be ascribed to it. We conclude that it does not.

Where parties to a contract express their intention in clear and unambiguous language in a written instrument, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *Green* v. *Ferguson,* 263 Ark. 601, 567 S.W.2d 89 (1978). Subject to public policy considerations a party may voluntarily agree to hold another harmless against loss by whatever cause it might be sustained. It is well settled, however, that in contracts of indemnity the losses to be indemnified must be clearly stated and the intent of the indemnitor's obligation to indemnify against them must be expressed in clear and unequivocal terms and to such an extent that no other meaning can be ascribed. *Pickens-Bond Const. Co.* v. *N.L.R. Elec. Co.,* 249 Ark. 389, 459 S.W.2d 549 (1970); *Hardeman* v. *Hass Co.,* 246 Ark. 559, 439 S.W.2d 281 (1969). The intent to extend the obligation to losses from specific causes need not be in any particular language, but unless

this intention is expressed in the plainest words it will not be deemed that the party undertook to indemnify against it. In *Hardeman, Pickens-Bond* and *Southside Water Assoc.* v. *Hargan Const. Co.,* 270 Ark. 117, 603 S.W.2d 466 (1980) our courts have held that where the intent is clearly and unequivocally expressed a party may be held liable to indemnify another for losses resulting from its own negligence or that of a third party.

While the contract between Weaver-Bailey and Fiske-Carter may be broad enough to have afforded Fiske-Carter protection against its own negligence or that of Construction Advisors, that is not the protection for which it seeks to recover. Instead it asks this court to go a step further and to impose liability on Weaver-Bailey for its loss based upon an independent indemnity agreement with Construction Advisors, to which Weaver-Bailey was neither party nor privy. While the contract does not contain the specific words *"directly or indirectly* on account of injuries to persons arising or resulting from the work performed or provided, including liabilities imposed by separate indemnity agreements" or like expressions, appellee asks us to find this equivalent clear intent from the broad language of the instrument. It argues that although the liability was in fact a contractual and not a tortious one, that liability would not have been imposed "but for, and therefore, on account of an injury to the person" and therefore "resulted or arose from the work provided or performed." Although this meaning might be considered a possibility it is not spelled out specifically in the contract and must be read into it.

In reaching our conclusion we are not called upon to determine who prepared the contract or to resort to the rule that it be construed more strictly against that person. We base our conclusion on a determination that Weaver-Bailey's obligation to indemnify against such losses was not expressed in such clear, unequivocal terms that no other meaning could be ascribed to it and that this clause is lacking in that positive directness which our law regards as essential. As stated in *Batson-Cook Company* v. *Industrial Steel Erectors,* 257 Fed.2d 410 (5th Cir. 1958):

The purpose to impose this extraordinary liability on the Indemnitor must be spelled out in unmistakable terms. It cannot come from reading into the general words used from the fullest meaning which lexicography would permit.

Had Fiske-Carter intended to be indemnified for loss resulting from its separate contract of indemnity, it had the power and obligation to require that intention to be stated in clear and unmistakable language. We conclude that it did not do so and that the trial court erred in entering judgment against the appellant under this indemnity agreement. The judgment is therefore reversed.

Reversed and dismissed.

MAYFIELD and CORBIN, JJ., agree.