BENJAMIN SANABRIA et al., Respondents, v AMERICAN HOME
ASSURANCE COMPANY, Respondent, and PUBLIC SERVICE
MUTUAL INSURANCE COMPANY, Appellant.

Third Department, November 27, 1985

## APPEARANCES OF COUNSEL

*MacVean, Lewis, Sherwin, McDermott & Rosenstein, P. C. (Arthur N. Seiff* and *Nathan Cyperstein* of counsel), for appellant.

*Orseck, Orseck & Greenberg (Gerald Orseck* of counsel), for Benjamin Sanabria and others, respondents; *William Rosen, County Attorney,* for Muriel O'Connor, respondent; and *Stephen L. Oppenheim, Village Attorney,* for Village of Monticello, respondent. (One brief filed.)

*Bower & Gardner (Steven J. Ahmuty, Jr.,* of counsel), for American Home Assurance Company, respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Plaintiff Benjamin Sanabria was involved in an automobile accident in the Village of Monticello, Sullivan County, in October of 1974, as a result of which he was arrested by police officers employed by the village. Alleging that he sustained injuries due to the negligence of the police officers, Sanabria commenced an action in Federal court against, *inter alia,* the village and "its employees, officers and police officers". About one year after service, the complaint was amended to name the police officers individually. The village had two liability insurance policies in effect at the time of these events. Defendant Public Service Mutual Insurance Company (Public Service) provided a "Comprehensive General Liability" policy and defendant American Home Assurance Company (American) provided a "Police Professional Liability" policy.

The village immediately notified Public Service of the litigation and the insurer retained counsel to undertake defense of the action. In papers submitted in the action, such counsel referred to its client as "the Village of Monticello and its police officers". After the amended complaint was forwarded to Public Service, it disclaimed coverage on the ground that the policy excluded claims based on law enforcement activities of the police department. The village then notified American, who disclaimed coverage on the ground of late notice. In the answer to the amended complaint and in further correspondence and papers, Public Service limited its representation to the village. The police officers then individually retained counsel to represent them in the Federal action.

In July of 1976, the police officers commenced this declara-

tory judgment action against both American and Public Service seeking a declaration that the insurers were obligated to provide them with a defense and coverage. Upon motion of the police officers, Special Term (Casey, J.), granted judgment in favor of Public Service based on the policy exclusion for police activities and in favor of the police officers against American, finding that the officers gave timely notice to that insurer. The police officers did not appeal. American did appeal, and this court, finding that a question of fact existed as to whether the police officers gave timely notice, reversed and remitted the matter for further proceedings *(Blackman v American Home Assur. Co.,* 58 AD2d 723).

Subsequently, in July of 1977, the Federal action was settled. One portion of the settlement was that Sanabria's claims against the police officers would be settled for $460,000 (within the $500,000 limit of the Public Service policy). However, in consideration of the police officers assigning to Sanabria their rights to continue pursuing coverage by the two insurers, Sanabria agreed not to attempt to collect the settlement from the police officers, but to attempt to collect from the insurers. The police officers assigned their claims against Public Service for legal fees to the village, which had actually paid such fees. The complaint in the instant action was then amended to add Sanabria, the village and the Sullivan County Commissioner of Social Services[1] as plaintiffs. Further, this declaratory judgment action was converted into one for money damages.

After a nonjury trial, Trial Term held that the prior órder in favor of Public Service was based on a misrepresentation by the insurer to the court of the applicability of the exclusion relied upon. Trial Term further held that Public Service was obligated to defend and indemnify the police officers under the insurance policy. Trial Term also held that the police officers gave timely notice to American, but noted that it was an excess carrier and that the settlement was within the limit of the Public Service policy. A judgment was then entered in favor of Sanabria in the amount of $449,000[2] and in favor of the village in the amount of $39,000 for legal fees. Public Service has appealed from the judgment.

■ Initially, we note that it was proper for Trial Term to

1. As another part of the settlement, Sanabria assigned part of his interest in the settlement to the Sullivan County Commissioner of Social Services.

2. The County Department of Social Services lien on the settlement amounted to $11,000.

vacate so much of the prior order of Special Term as held that coverage under the Public Service policy was excluded. It is clear that the prior decision of Special Term was based on a misrepresentation of facts by Public Service. Thus, Trial Term's granting of the motion to vacate was an appropriate exercise of discretion (see, CPLR 5015 [a] [2], [3]).

■ Turning to the issues raised on this appeal, we agree with Trial Term that the police officers are covered by the Public Service policy. The policy names as insureds the "Village of Monticello, New York & Board of Water Commissioners". Additional insureds include: "Elective or Appointive Executive Officers or Members of Boards or Commissions of Public and Municipal Corporations or Agencies thereof, on policies covering such Corporations or Agencies." This provision is ambiguous as to whether police officers are additional insureds. Another provision provides that "Personal Injury Coverage does not apply with respect to any law enforcement activities of the Police Department". "Personal injury" is defined by the policy as injury resulting from false arrest, detention or imprisonment, libel or slander or other invasion of privacy. To be contrasted is "bodily injury", which is defined as "bodily injury, sickness or disease sustained by any person which occurs during the policy period". The policy exclusion for "personal injury" arising out of law enforcement activities of the police department would be mere surplusage if police officers are not additional insureds under the policy. This fact, along with the principle that insurance policies, particularly exclusionary provisions, must be liberally construed in favor of the insured (see, Miller v Continental Ins. Co., 40 NY2d 675, 678; York v Sterling Ins. Co., 114 AD2d 665; American Home Assur. Co. v Port Auth., 66 AD2d 269, 276), convinces us that Trial Term correctly ruled that the police officers were covered by the Public Service policy such that Public Service was obligated to defend and indemnify.

■ Public Service has abandoned its argument that American should have been held liable for an apportioned share of the settlement pursuant to Servidone Constr. Corp. v Security Ins. Co. (64 NY2d 419). However, Public Service still maintains that the award of legal fees to the village should have been apportioned between it and American. Where an insurer wrongfully fails to defend, it will be held liable for reasonable legal fees incurred by the insured in defending in the underlying action (see, Servidone Constr. Corp. v Security Ins. Co., 102 AD2d 59, 63-64, revd on other grounds 64 NY2d 419, supra).

Here, it is clear that Public Service is the primary insurer and American is the excess insurer. Where an excess insurer is liable to indemnify in part, either because the amount of the judgment or settlement exceeds the limits of the primary policy or because an apportioned part of such judgment or settlement is for claims which are excluded from the primary policy but are covered by the excess policy *(see, supra)*, the excess insurer may be liable for a portion of the legal fees. However, neither situation is present here. Therefore, Trial Term properly found that Public Service was liable to the village for the legal fees.

■ Lastly, we reject Public Service's contention that Trial Term improperly calculated interest on the award for indemnification from July 19, 1977, the date the Federal action was settled. Interest runs on all judgments from the date the judgment is entered (CPLR 5003). Further, an insurer is liable for interest, even if it exceeds the policy limits, so long as the principal amount is within such limits *(see, Devlin v New York Mut. Cas. Taxicab Ins. Assn.,* 213 App Div 152). Thus, had the Federal action resulted in a judgment, Public Service would have been liable for interest from the date of entry thereof. We see no reason why the same rationale should not be applied to settlements. We note in this regard that Public Service makes no claim that interest should run from the date of court approval of the settlement instead of the date the parties settled. We conclude that Trial Term properly calculated interest on the judgment.

KANE, MAIN, YESAWICH, JR., and HARVEY, JJ., concur.
Judgment affirmed, with costs.