■ CHARTER OAK FIRE INSURANCE COMPANY, Appellant, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent. [604 NYS2d 55] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered June 23, 1992, which, in this declaratory judgment action, *inter alia,* granted defendant's motion for summary judgment declaring that plaintiff is contractually obligated to provide defendant with primary insurance coverage, including defense and indemnity, in two

underlying tort actions, where defendant herein has been sued, unanimously affirmed, with costs.

The instant insurance endorsement (naming Berman Plumbing as the insured) also names defendant as an additional insured and states that plaintiff will provide insurance for defendant "with respect to liability arising out of operations performed for [defendant] by or on behalf of [Berman Plumbing]." Accordingly, plaintiff is obligated to provide primary insurance coverage for defendant in the underlying tort actions. Plaintiff's endorsement does not limit its coverage of defendant to those situations in which defendant is only vicariously liable, nor does it provide that the coverage for defendant is only "excess" to other insurance *(see, Dayton Beach Park No. 1 Corp. v National Union Fire Ins. Co.,* 175 AD2d 854, *lv denied* 78 NY2d 864; *Roblee v Corning Community Coll.,* 134 AD2d 803, *lv denied* 72 NY2d 803).

We also note that plaintiff, in light of its insurance endorsement, is solely responsible for the defense costs in the underlying tort actions *(see, Sanabria v American Home Assur. Co.,* 113 AD2d 193, 196, *revd on other grounds* 68 NY2d 866), as well as the costs of this declaratory judgment action *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22).

We have considered all other claims and find them to be of no merit. Concur—Carro, J. P., Rosenberger, Ellerin and Kassal, JJ.