■ JAMES LIM et al., Plaintiffs, v ATLAS-GEM ERECTORS CO., INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. LEHRER McGOVERN BOVIS, INC., Third-Party Defendant-Appellant. [638 NYS2d 946]

Plaintiff, an employee of third-party defendant Lehrer McGovern Bovis, Inc. (LMB), was injured on October 8, 1990 when he tripped while walking across steel beams at a construction site owned by defendant St. Luke's-Roosevelt Hospital Center. LMB, the construction manager for the project in question, contracted with Trinity Industries, Inc. (Trinity), to provide all labor and materials, etc., related to the fabrication and installation of the structural steel at the site. Trinity, in turn, subcontracted out a portion of the work required under its contract with LMB to the third-party plaintiff Atlas-Gem Erectors Co., Inc. (Atlas-Gem). The parties do not dispute that the accident occurred within Atlas-Gem's work area at the site.

Pursuant to the terms of the contract between Atlas-Gem and Trinity, in addition to providing as complete indemnity as would be allowed under the law to, *inter alia*, LMB and Trinity, Atlas-Gem was required to procure a commercial general liability policy of insurance naming as additional insureds "the Owner [St. Luke's-Roosevelt Hospital Center], Construction Manager [LMB], and Construction Managers' Parent and affiliates, Fabricator [Trinity], and Fabricator's Parent and affiliates [to the extent applicable]". The contract also required that the policy contain a general waiver of subrogation. Atlas-Gem in fact purchased a comprehensive general liability policy from New York Marine and General Insurance Company.

The certificate of insurance provided to Trinity by Atlas-Gem as proof of its compliance with the contract warranted that "The Comprehensive General Liability Insurance Policy Names As Additional Insureds The St. Luke's Roosevelt Hosp. Center, Lehrer McGovern Bovis, Inc., Construction Manager's Parent and Affiliates, Trinity Industries, Inc., Structural Steel Division, Fabricator's Parent and Affiliates (to the extent applicable)". The certificate also provided that it was agreed that "in no event shall this insurance company have any right of recovery against the owner, architect, engineer, construction manager or fabricator." Endorsement No. 4 of the policy itself provides: "It is agreed that this policy shall include as Additional Insureds any person or organization to whom the Named Insured has agreed by written contract to provide coverage, but only with respect to operations performed by or on behalf of the Named Insured and only with respect to occurrences subsequent to the making of such written contract."

The trial court erred in denying the third-party defendant's motion to dismiss the complaint based upon the conclusion that the above quoted language of Endorsement No. 4 constituted a limitation of coverage with respect to LMB as an "Additional Insured" and that therefore questions as to the extent of coverage provided to LMB existed such that, at this juncture, the rule that an insurer may not be subrogated to a claim against its own insured (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 471) did not bar Atlas-Gem's third-party claim against LMB. It is clear that the language of the endorsement "focuses not upon the precise cause of the accident, as [the third-party plaintiff] urge[s], but upon the general nature of the operation in the course of which the injury was sustained" (*Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83, 83-84, citing *Brown v Two Exch. Plaza Partners*, 76 NY2d 172; *Charter Oak Fire Ins. Co. v Trustees of Columbia Univ.*, 198 AD2d 134). The complaint alleges that the injured plaintiff was "caused to be precipitated and/or fall on steel rods thereby sustaining serious and severe personal injury". It is not disputed that the accident occurred within the third-party plaintiff's work area. Consequently, there can be no dispute that the plaintiff was injured while acting "with respect to operations performed by or on behalf" of Atlas-Gem (*see, Consolidated Edison Co. v Hartford Ins. Co., supra*, at 83). Therefore, under the terms of the endorsement, and contrary to the view of the third-party plaintiff, the fact that the cause of the injury may have been the result of LMB's negligence, or that of any other "Additional Insured" for that matter, is immaterial with respect to the issue of whether LMB is covered

by the policy in question. The rule that an insurer has no right of subrogation against its own insured for a claim arising out of the very risk for which the insured was covered (*Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra*), and the waiver of subrogation in the policy itself, apply to bar the third-party claim by Atlas-Gem against LMB in this case.

While it is argued that Endorsement No. 4 should be read as an exclusion limiting coverage, and we have specifically rejected such an interpretation, any such ambiguity would be construed against the insurer in any event, and in this case, in favor of coverage (*Consolidated Edison Co. v Hartford Ins. Co., supra*, at 84; *see, Cone v Nationwide Mut. Fire Ins. Co.*, 75 NY2d 747, 749). Moreover, had it been concluded that LMB was not covered under the policy in question, Atlas-Gem would have been liable for failure to procure coverage pursuant to the terms of its contract with LMB (*see, Morel v City of New York*, 192 AD2d 428). Concur—Murphy, P. J., Sullivan, Rubin, Ross and Tom, JJ.