■ AETNA CASUALTY & SURETY COMPANY, Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant, et al., Defendant. [645 NYS2d 5]

The motion court properly concluded that the underlying ac-

cident triggered the obligation of National to provide primary policy coverage requiring it to defend and indemnify the additional insureds. National's insurance policy contains this blanket endorsement: "[A]ny entity to whom or to which the Named Insured [Heydt] is obligated by virtue of a written contract, is hereby included as an additional insured but only with respect to the operations by or on behalf of [Heydt]."

The contract between Heydt and Aetna's insureds, i.e., the owner and general contractor, clearly created an obligation on Heydt's part, i.e., to "[f]urnish, install, maintain and dismantle" a material hoist, and they therefore qualify as additional insureds under National's policy "with respect to the operations by or on behalf of Heydt."

Moreover, we find that the underlying action arises out of such operations. National has conceded that the decedent, an employee of a subcontractor, was killed as a result of a fall down the hoist shaft, and does not controvert the assertions that the decedent was using the hoist in some manner to move materials when he fell. Under these circumstances, it is immaterial that Heydt, which was contractually obligated only to install and maintain (and eventually dismantle) the hoist, was not actually operating the hoist on the day of the accident. The language of the subject additional insured endorsement clearly contemplated as part of the "operations by or on behalf of [Heydt]" the other subcontractors' use of the hoist, which had been provided by Heydt for that very purpose. Among those subcontractors was the decedent's employer. Thus, since the accident was directly related to the decedent's use of the hoist, a Heydt "operation", National's obligation to provide primary coverage to the owner and general contractor was triggered (*Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83). We note that, under these circumstances, the fact that the court in the underlying action found that there could be no negligence on Heydt's part is immaterial, as is the ultimate determination of which particular insured is liable (*supra*, at 83-84; *see also, Lim v Atlas-Gem Erectors Co.*, 225 AD2d 304).

However, in light of the complete absence of any evidence as to the provisions of the subject policies on the allocation of contribution of the carriers, summary judgment was not warranted as to this issue. The allocation of the payment of damages among concurrent insurers whose coverages are to be applied to the loss on the same basis is governed by the respective "other insurance" clauses in the policies, if any, and, where two or more such policies provide for contribution by equal shares, the concurrent insurers subject to those clauses

are obligated to contribute equally to the defense or indemnity of their mutual insured (*see, J. P. Realty Trust v Public Serv. Mut. Ins. Co.*, 102 AD2d 68, 71-73, *affd* 64 NY2d 945). Here, questions of fact remain as to the existence or content of such provisions in the policies. Thus, the court erred in declaring that the parties' contribution would be "ratable" rather than equal, and the matter must be remanded for a factual determination as to the allocation of contribution. Concur—Sullivan, J. P., Ellerin, Kupferman, Williams and Mazzarelli, JJ.