■ LEHRER MCGOVERN BOVIS, INC., et al., Appellants, v COMPONENT ASSEMBLY SYSTEMS, INC., et al., Respondents, et al., Defendants. [698 NYS2d 648] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about September 22, 1998, which, *inter alia*, denied plaintiffs' motion for a default judgment against defendants Component Assembly Systems, Inc. (Component) and Royal Insurance Company of America (Royal) or, in the alternative, for summary judgment against Royal declaring that Royal is obligated to bear the full cost of defending and indemnifying plaintiffs Lehrer McGovern Bovis, Inc. (Lehrer) and Lincoln Metrocenter Partners, L.P. (Lincoln) in an underlying tort action, or, further in the alternative, for summary judgment against

Component declaring that Component is obligated to provide a complete defense and full indemnification to Lehrer and Lincoln in such underlying tort action based on Component's alleged breach of its contractual duty to procure certain insurance coverage for Lehrer and Lincoln, unanimously modified, on the law, to grant plaintiffs' motion to the extent of granting plaintiffs partial summary judgment on their first cause of action, declaring that plaintiffs Lehrer and Lincoln are additional insureds under Policy No. PTY-436224 issued by defendant Royal, and, on a search of the record, to grant defendant Component summary judgment on plaintiffs' second cause of action, declaring that Component has fulfilled its contractual obligation to procure insurance for Lehrer and Lincoln covering injuries such as those at issue in the underlying tort action, and otherwise affirmed, without costs.

The documentary evidence in the record and Royal's admissions establish, as a matter of law, that Lehrer, the construction manager of the project giving rise to the underlying tort action, and Lincoln, the owner of such project, were named as additional insureds under the commercial general liability insurance policy for the relevant period issued by Royal to Component, a contractor on the project and the employer of the plaintiff in the underlying tort action, who was injured while engaged in work on the project. We therefore modify the order appealed from to grant Component summary judgment declaring that it fulfilled its contractual obligation to procure such insurance for Lehrer and Lincoln, and to grant plaintiffs' motion insofar as to grant them partial summary judgment declaring that Lehrer and Lincoln are additional insureds under such insurance policy. We agree with the motion court that the extent to which Royal is obligated to bear the costs of defending and indemnifying Lehrer and Lincoln in the underlying tort action cannot be determined on the present record, which does not include copies of all insurance policies that may cover Lehrer and Lincoln for the loss (see, Aetna Cas. & Sur. Co. v National Union Fire Ins. Co., 228 AD2d 385, 386).

The denial of the branch of plaintiffs' motion seeking entry of a default judgment against Component and Royal was an appropriate exercise of discretion, given plaintiffs' retention of such defendants' late-served answer for approximately five weeks. Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.