■ NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v TRAVELERS INSURANCE COMPANY et al., Appellants. [779 NYS2d 153]—

Spain, J. Appeal from an order of the Supreme Court (Keegan, J.), entered January 24, 2003 in Albany County, which, inter alia, granted plaintiff's motion for summary judgment.

This action revolves around the respective responsibilities of the parties, automobile liability insurance providers, in regard to an action arising out of a personal injury accident. In 1997, Raymond Baker, in the course of his employment with Goldstein Enterprises, Inc., was involved in an automobile accident where a pedestrian was injured. Baker was driving his own automobile at the time of the accident and had a personal auto insurance policy issued by plaintiff that provided $50,000 maximum liability coverage (hereinafter the Nationwide policy). Goldstein had "garage coverage," issued by defendant Phoenix Insurance Company, a subsidiary of defendant Travelers Insurance Company, that provided $1,000,000 maximum liability coverage (hereinafter the Phoenix policy).

The pedestrian commenced an action against, among others, Baker and Goldstein, which was eventually settled for $450,000. Initially, plaintiff refused to undertake the defense and indemnification of Goldstein in that action. Goldstein commenced a declaratory judgment action which ultimately was removed to the United States District Court for the Northern District of New York and resulted in an order establishing that the Nationwide policy covered the accident and requiring plaintiff to provide indemnification and a defense. District Court noted in a subsequent order, however, that the relative financial

obligations of plaintiff and defendants were not at issue in that action. As a result, plaintiff commenced this declaratory judgment action to determine those obligations. Following plaintiff's motion and defendants' cross motion for summary judgment, Supreme Court granted plaintiff's motion, determining that the Phoenix policy did cover Baker at the time of the accident. Supreme Court further determined that plaintiff and defendants were both primary insurers, and that, as "both policies contain[ed] essentially the same 'other insurance' clause," the carriers were responsible for their pro rata shares of the settlement amount—95%, or $427,500, for defendants and 5%, or $22,500, for plaintiff—and their own legal costs. Defendants now appeal.

We turn first to defendants' argument that the Phoenix policy provides only insurance in excess of that provided by the Nationwide policy, and are persuaded. Generally, where the terms regarding payment obligations in two or more policies conflict, "insurers must contribute in the proportion their policies bear to the limit of coverage at that level" (*Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363, 372 [1998]; *see Lumbermens Mut. Cas. Co. v Allstate Ins. Co.*, 51 NY2d 651, 655 [1980]; *Castricone v Riggi*, 259 AD2d 815, 816 [1999]). Here, we find no such conflict in the provisions of the Phoenix and Nationwide policies dealing with payment in the event of other insurance coverage. The Phoenix policy's Garage Coverage Form has an "Other Insurance" provision which states that, "[f]or any covered 'auto' [Goldstein does not] own, the Insurance provided by this Coverage Form is excess over any other collectible insurance." No dispute exists that Baker was driving his own car at the time of the accident. In addition, the Phoenix policy's New York Business Auto Coverage Extension Form states, in a "Limit of Insurance" provision, that "[t]he insurance provided by this endorsement is excess over any other collectible insurance available." In contrast, the Nationwide policy's "Other Insurance" provision states that plaintiff "will be liable for only [its] proportional share of any loss if there is other collectible liability insurance," but makes no provision for insurance coverage solely in excess over any other collectible insurance except under facts unlike those here. As such, the Phoenix policy is secondary to the Nationwide policy and, as the intent of the Nationwide "policy was 'only to require prorata contribution by other primary insurance,' " we perceive no conflict between the provisions (*State Farm Fire & Cas. Co. v Li Mauro*, 65 NY2d 369, 373 [1985], quoting *General Acc. Fire & Life Assur. Corp. v Piazza*, 4 NY2d 659, 669 [1958]; *see Matter of Government Empls. Ins. Co. v Shlomy*, 305 AD2d 504, 507-508 [2003]).

As the Phoenix policy provides only excess coverage under these circumstances, regardless of whether Baker was covered under the Garage Coverage Form or New York Business Auto Coverage Extension Form, and defendants have conceded that Baker was an insured under the New York Business Auto Coverage Extension Form, we need not address defendants' argument that Baker was not an insured under the Garage Coverage Form. Accordingly, that part of defendants' cross motion seeking a declaration that the Phoenix policy provided only excess coverage and requiring plaintiff to pay the full $50,000 liability limit on the Nationwide policy should have been granted.

Lastly, on the record before us, we discern no abuse of discretion in Supreme Court's decision to decline to award legal fees to defendants (*see Sanabria v American Home Assur. Co.*, 113 AD2d 193, 197 [1985], *revd on other grounds* 68 NY2d 866 [1986]).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, without costs, by reversing so much thereof as denied that part of defendants' cross motion for summary judgment seeking a declaration that the insurance policy issued by defendant Phoenix Insurance Company provided coverage in excess of that provided by plaintiff's insurance policy and reimbursement up to the full policy limits of plaintiff's policy; cross motion granted to that extent; and, as so modified, affirmed.