■ GERALDINE DUFFY, Respondent, v WAL-MART STORES, INC., Respondent-Appellant, and FLOOR MANAGEMENT, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. CRYSTAL CLEAR NATIONWIDE MANAGEMENT, Doing Business as DELUXE CLEANING, et al., Third-Party Defendants-Respondents. [808 NYS2d 434]—

Rose, J. Cross appeals from an order of the Supreme Court (Spargo, J.), entered February 8, 2005 in Ulster County, which denied a motion by defendant Floor Management, Inc. for summary judgment and partially granted a cross motion by defendant Wal-Mart Stores, Inc. for summary judgment.

Plaintiff commenced this action against defendants Wal-Mart Stores, Inc. and its subcontractor for floor cleaning services, defendant Floor Management, Inc., to recover damages for personal injuries allegedly sustained when she slipped and fell on a wet, waxed floor inside Wal-Mart's store. Wal-Mart cross-claimed against Floor Management for contribution and

indemnification, and Floor Management commenced a third-party action also seeking contribution and indemnification from, among others, its subcontractor, Crystal Clear Nationwide Management. After issue was joined, Floor Management moved for summary judgment on its third-party claim for contractual indemnification on the grounds that it had merely subcontracted the maintenance of Wal-Mart's floor to Crystal Clear and had not been actively involved in any way in the performance of the work. Based on the parties' submissions, Supreme Court treated Floor Management's motion as including a request for summary judgment dismissing plaintiff's complaint against it. Wal-Mart cross-moved for summary judgment holding Floor Management contractually liable to defend and indemnify Wal-Mart. Supreme Court denied Floor Management's motion and granted Wal-Mart's cross motion only to the extent of requiring Floor Management to defend Wal-Mart against plaintiff's claims. Floor Management appeals and Wal-Mart cross-appeals.

Floor Management argues that it has no liability to plaintiff because it subcontracted all of its responsibilities for floor maintenance to Crystal Clear. We agree. As a general rule, no duty is owed by the employer of an independent contractor to an unintended third-party beneficiary, such as plaintiff here, and the risk of loss is equitably placed on the independent contractor because of the employer's lack of control of the performance of the work (*see Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]). Inasmuch as Crystal Clear was an independent contractor hired by Floor Management to perform the cleaning services outlined in its contract with Wal-Mart, and it did not control the manner or method by which Crystal Clear or its agents performed those services, it cannot be held liable to plaintiff for the negligence of Crystal Clear (*see Harjes v Parisio*, 1 AD3d 680, 680 [2003], *lv denied* 1 NY3d 508 [2004]; *Brown v Arcady Realty Corp.*, 1 AD3d 753, 755 [2003], *lv denied* 3 NY3d 606 [2004]; *Richardson v Simone*, 275 AD2d 576, 576 [2000]).

To the extent that Supreme Court speculated that Floor Management could nevertheless be held liable to plaintiff for its negligent hiring or negligent instruction of Crystal Clear, our review of the record fails to disclose any evidentiary facts tending to prove that the workers who were waxing Wal-Mart's floor prior to plaintiff's fall were untrained or negligently hired. The only evidence offered on the motion was plaintiff's affidavit stating that the workers spoke no English and a newspaper report that Wal-Mart had employed illegal aliens in other states. Although Supreme Court accepted this and the lack of disclosure as showing that summary judgment would be premature, the

court abused its discretion by inferring that the workers were not properly trained merely because they did not speak English. No evidence was offered by any party that the workers had not been properly trained or Floor Management had reason to know that the workers could not competently perform the work. Thus, even though Floor Management's motion was made before significant disclosure occurred, plaintiff failed to raise a material question of fact or show that further discovery would reveal evidence of Floor Management's negligence (*see Steinborn v Himmel*, 9 AD3d 531, 534-535 [2004]; *Ingalsbe v Chicago Ins. Co.*, 287 AD2d 939, 940 [2001]; *Younger v Spartan Chem. Co.*, 252 AD2d 265, 268 [1999]).

We also find merit in Floor Management's contention that it is entitled to indemnification from Crystal Clear. As Supreme Court properly found, the indemnification clause of the contract between Floor Management and Crystal Clear was triggered because plaintiff's alleged injuries arose out of the performance of the services obviously contemplated by Floor Management's contracts with both Wal-Mart and Crystal Clear. To the extent that Supreme Court denied summary judgment on this issue because of the proscription in General Obligations Law § 5-322.1 against indemnification for one's own negligence, we reiterate that there is no evidence that Floor Management was itself negligent (*see Tambasco v Norton Co.*, 207 AD2d 618, 620 [1994], *lv dismissed* 85 NY2d 857 [1995]).

Finally, we agree with Wal-Mart's argument that, because the contract between it and Floor Management contains a choice of law provision naming the law of Arkansas as the law governing the parties' rights, Supreme Court erred in denying its motion for summary judgment against Floor Management on the issue of indemnification. Arkansas case law, unlike New York's, indicates that a promisee may seek contractual indemnification for its own negligence (*see Nabholz Constr. Corp. v Graham*, 319 Ark 396, 400-401, 892 SW2d 456, 459 [1995]; *Arkansas Kraft Corp. v Boyed Sanders Constr. Co.*, 298 Ark 36, 38-39, 764 SW2d 452, 453 [1989]; *Southside Water Assn., Inc. v Hargan*, 270 Ark 117, 120-121, 603 SW2d 466, 468 [1980]). Taking judicial notice of these authorities (*see* CPLR 4511 [a]), and Floor Management having failed to demonstrate any public policy basis for denying the application of their holdings here (*see Eastern Artificial Insemination Coop. v La Bare*, 210 AD2d 609, 610 [1994]), we conclude that the indemnification clause at issue is enforceable and Floor Management is required to indemnify Wal-Mart (*see e.g. Ground to Air Catering v Dobbs Intl. Servs.*, 285 AD2d 931, 932 [2001]). In view of this, we need not address

Floor Management's remaining contention that it has no duty to assume Wal-Mart's defense.

Mercure, J.P., Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Floor Management, Inc. for summary judgment and as partially denied the cross motion of defendant Wal-Mart Stores, Inc. for summary judgment; grant said motions and Floor Management is entitled to indemnification from third-party defendant Crystal Clear Nationwide Management; and, as so modified, affirmed.