■ Travelers Indemnity Company et al., Appellants-Respondents, v Commerce & Industry Insurance Company of Canada et al., Respondents-Appellants, et al., Defendants. [814 NYS2d 295]—

Peters, J. Cross appeals from an order of the Supreme Court (Teresi, J.), entered July 7, 2005 in Albany County, which, inter alia, denied plaintiffs' motion for partial summary judgment.

Plaintiff Finch Pruyn & Company, owner of a paper mill, entered into a contract with defendant GL&V/LaValley Industries, Inc. to "fabricate, deliver & install" a replacement drum. As part of that contract, GL&V was required to procure a certificate of insurance naming Finch as an additional insured under its policy, but only with respect to the "operations" of GL&V. GL&V thereafter subcontracted with defendant Pinchook & Buckley Construction to provide the "labor, equipment, supervision, and insurance" to remove the old washer and install a new one. Pinchook determined that to remove the existing washer, it was necessary to raise a venting hood that hung over the old washer. While securing the hood for its removal, defendant Frederick Fish, a Pinchook employee, fell and was injured. Fish commenced an action (hereinafter the underlying action) against Finch and GL&V, seeking damages based on negligence and various sections of the Labor Law. After GL&V impleaded Pinchook, the parties cross-moved for summary judgment. Supreme Court (Krogmann, J.) partially granted Fish's motion for summary judgment with respect to his Labor Law § 240 (1) claim and granted Pinchook's cross motion for dismissal regarding the third-party complaint against it, which sought indemnification and damages for breach of contract. Supreme Court denied all motions seeking contractual indemnification. Although Finch and GL&V filed notices of appeal, neither was perfected.

Finch and its insurer, plaintiff Travelers Indemnity Company, commenced this declaratory judgment action against GL&V, GL&V's insurer, Commerce & Industry Insurance Company of Canada, Pinchook, and Pinchook's insurer, Peerless Insurance Company, seeking a declaration that Commerce, GL&V and/or Peerless must defend and indemnify Finch in the underlying action. Commerce answered, as did Peerless, which asserted a cross claim against Commerce for indemnification/contribution. Plaintiffs moved for partial summary judgment against Commerce, which thereafter cross-moved with GL&V for, among other things, summary judgment against plaintiffs, Peerless and Pinchook. Supreme Court (Teresi, J.) denied the cross motions based upon a question of fact as to whether Fish's injury occurred during the "operations" of GL&V. However, it did determine that Finch was an additional insured under Com-

merce's policy and rejected the cross motion against Peerless and Pinchook as "premature." Plaintiffs, Peerless, Pinchook, GL&V and Commerce cross appeal.

The issue of whether Fish's claimed injuries occurred "with respect to the operations" of GL&V is dispositive because it frames Commerce's coverage of Finch, which is clearly an additional insured under the Commerce policy. Upon our reading of the contract between GL&V and Finch, we find that GL&V agreed to "fabricate, deliver & install" a replacement drum which would include the removal of the old drum, evidenced by GL&V's subcontract with Pinchook. Therefore, at the time that Finch and GL&V entered into their contract, the parties agreed that GL&V's "operations" would include replacement of the existing washer. As this was the activity in which Fish was engaged when he was injured, the only question of fact, in our view, is the parties' respective negligence, not the parameters of this term in the Commerce policy.* For these reasons, we find Fish's injury to have occurred in connection with the work that GL&V subcontracted for after being hired by Finch to "fabricate, deliver and install" the replacement drum (*see Bedford Cent. School Dist. v Commercial Union Ins. Co.*, 295 AD2d 295, 296 [2002]; *Aetna Cas. & Sur. Co. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 228 AD2d 385, 386 [1996]; *Lim v Atlas-Gem Erectors Co.*, 225 AD2d 304, 305 [1996]).

Next addressing whether Commerce's coverage is primary or excess over that provided by Travelers, Commerce's policy states that "[t]he insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance." The Travelers' policy states, in its "[e]xcess [i]nsurance" provision, that it will provide coverage:

"excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

"(1) That is [f]ire, [e]xtended [c]overage, [b]uilder's [r]isk, [i]nstallation [r]isk or similar coverage for 'your work';

"(2) That is [f]ire insurance for premises rented to you; or

"(3) If the loss arises out of the maintenance or use of aircraft, 'autos' or watercraft."

While none of these categories is applicable here, a later

---

* While we recognize that "operations" is not adequately defined by the policy and that ambiguities must be strictly construed against Commerce, as the drafter (*see Battenkill Veterinary Equine v Cangelosi*, 1 AD3d 856, 858 [2003]), the language here reflects the "general nature of the operation in the course of which the injury was sustained" (*Consolidated Edison Co. of N.Y. v Hartford Ins. Co.*, 203 AD2d 83, 83 [1994]).

endorsement to that policy specifically amended such section by adding, as here relevant, "(4) [t]hat is valid and collectible insurance available to you if you are added as an additional insured under any other policy." It thereafter states that "[w]hen this insurance is excess, we will have no duty . . . to defend any claim or 'suit' that any other insurer has a duty to defend." Since Finch is named as an additional insured under the GL&V policy, plaintiffs correctly contend that the Commerce policy is primary. With a duty to defend broader than a duty to indemnify (*see Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141, 145 [2000]) and it being clear that Finch cannot seek contractual indemnification for its own negligence (*see Duffy v Wal-Mart Stores, Inc.*, 24 AD3d 1156, 1158 [2005]), we further find that Commerce has a duty to defend Finch since the allegations in the complaint, liberally construed, demonstrate that they fall within the embrace of the policy (*see Agoado Realty Corp. v United Intl. Ins. Co., supra* at 145).

Addressing next Peerless's allegations in its cross appeal that Supreme Court erred in finding Commerce's claims against Peerless and Pinchook "premature," we agree that Commerce's request for relief should have been denied as a matter of law because Commerce had not interposed a cross claim against Peerless (*see* CPLR 3212 [a]) and because Pinchook had already been dismissed from the underlying action.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by partially granting plaintiffs' motion by declaring that the claimed injury occurred with respect to the operations of defendant GL&V/LaValley Industries, Inc. and that defendant Commerce & Industry Insurance Company of Canada has a duty to defend plaintiff Finch, Pruyn & Company, Inc. in the underlying action, and, as so modified, affirmed.