■ WILLIAM FLOYD SCHOOL DISTRICT et al., Respondents, v FRANK MAXNER et al., Respondents, AURORA CONTRACTORS, INC., Defendant and Third-Party Plaintiff-Respondent, and QBE INSURANCE CORP., Defendant and Third-Party Plaintiff-Appellant. ROYAL AND SUNALLIANCE INSURANCE COMPANY, Third-Party Defendant-Respondent. [892 NYS2d 115]—

William Floyd Union Free School District (hereinafter the school district) contracted with Aurora Contractors, Inc. (hereinafter Aurora), to be the general contractor of a construction project to build a new middle school. The contract required Aurora to provide the school district with primary insurance coverage. Aurora had a policy (hereinafter the QBE policy) with QBE Insurance Corp. (hereinafter QBE), and provided the school district with a certificate of liability insurance listing it as an additional insured on that policy. Aurora subcontracted the obligation to supply kitchen equipment to Premium Supply Company (hereinafter Premium). The subcontract required Premium to provide Aurora with insurance. Premium was insured by Royal Insurance Company of America, a division of Royal & SunAlliance, sued herein as Royal and Sunalliance Insurance Company (hereinafter Royal), and provided Aurora with a certificate of liability insurance listing Aurora and the school district as additional insureds on that policy (hereinafter the Royal policy). Premium subcontracted some of the contracting work to Dee's Associated. Frank Maxner, an employee of Dee's Associated, allegedly was injured while performing this work.

Maxner and his wife, suing derivatively, commenced a personal injury action against the school district and William Floyd Middle School (hereinafter together the school district plaintiffs) and Aurora entitled *Maxner v William Floyd School District,* in the Supreme Court, Suffolk County, under index No. 02426/04 (hereinafter the underlying action). The school district plaintiffs and their insurer, Transportation Insurance Company (hereinafter TIC), then commenced this action, seeking a judgment declaring that the school district plaintiffs are additional named insureds under Aurora's policy with QBE, QBE is obligated to defend and indemnify them in the underlying action, and TIC is entitled to recoup defense costs it actually paid. Aurora and QBE commenced a third-party action against Royal, seeking a judgment declaring that the school district plaintiffs

and Aurora are additional named insureds under the Premium policy with Royal, Royal is obligated to defend and indemnify the school district plaintiffs and Aurora in the underlying action on a primary, noncontributory basis, and QBE is entitled to recoup defense costs it actually paid. In an order dated October 6, 2008 the Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment declaring that QBE and Royal are obligated, as co-insurers, to defend the school district plaintiffs in the underlying action, denied those branches of QBE's cross motion, made jointly with Aurora, which were for summary judgment declaring that Royal is obligated to defend and indemnify the school district plaintiffs and Aurora in the underlying action on a primary, noncontributory basis, and that the coverage provided by QBE is excess to that provided by Royal, and granted that branch of QBE's cross motion, made jointly with Aurora, which was for summary judgment declaring that, to the extent that QBE is obligated to defend the school district plaintiffs and Aurora in the underlying action, TIC and QBE are entitled to reimbursement for certain defense costs actually incurred. QBE appeals from so much of the order as was adverse to it. We reverse the order insofar as appealed from.

As Royal correctly concedes in its brief, the Supreme Court erred in holding that the indemnification issues could not be determined absent a showing of negligence (*see Kinney v Lisk Co.*, 76 NY2d 215 [1990]; *Cavanaugh v 4518 Assoc.*, 9 AD3d 14 [2004]; *Tishman Constr. Corp. of N.Y. v CNA Ins. Co.*, 236 AD2d 211 [1997]). Contrary to Royal's contention, QBE and Aurora established that the school district plaintiffs and Aurora are additional insureds under the Royal policy, are insured under that policy for liability arising out of the underlying accident, and are entitled to a defense and indemnification from Royal in the underlying action.

The subcontract between Aurora and Premium required Premium to name the school district plaintiffs and Aurora as additional insureds under the Royal policy. The Royal policy provides that additional insureds are covered "with respect to liability arising out of [Premium's] ongoing operations performed for that additional insured by the named insured at the location designated in the written contract." The focus of such a clause is "not . . . the precise cause of the accident . . . but . . . the general nature of the operation in the course of which the injury was sustained" (*Consolidated Edison Co. of N.Y. v Hartford Ins. Co.*, 203 AD2d 83, 83 [1994]). To determine whether the school district plaintiffs and Aurora are additional

insureds for claims arising out of the underlying accident, the court must look to Premium's subcontract with Aurora (*see Greater N.Y. Mut. Ins. Co. v Mutual Mar. Off.*, 3 AD3d 44, 47 [2003]). Maxner allegedly was injured while performing work encompassed within Premium's subcontract with Aurora. "[A]t the time that [they] entered into their contract, the parties agreed that [Premium's] 'operations' would include [that work]" (*Travelers Indem. Co. v Commerce & Indus. Ins. Co. of Can.*, 28 AD3d 914, 916 [2006]). Accordingly, Royal is obligated to defend and indemnify the school district plaintiffs and Aurora in the underlying action (*see Travelers Indem. Co. v Commerce & Indus. Ins. Co. of Can.*, 28 AD3d 914 [2006]; *Structure Tone v Component Assembly Sys.*, 275 AD2d 603 [2000]; *Tishman Constr. Corp. of N.Y. v CNA Ins. Co.*, 236 AD2d 211 [1997]).

As to priority of coverage, the Royal policy issued to Premium provides: "When an additional insured is added under this provision, and the written contract, written agreement or written permit requires the insurance to be primary and noncontributory, then this insurance is primary except when the Excess Provision under condition *4. Other Insurance* in *Section IV Commercial Liability Conditions* applies. If this insurance is primary our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the Method of Sharing provision under condition 4."

The subcontract between Premium and Aurora required Premium to provide Aurora with insurance in accordance with a sample certificate of insurance, which listed Aurora and the school district plaintiffs as additional insureds. This agreement to name them as additional insureds was an agreement to provide them with primary coverage, triggering the above provision (*see Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391 [2003]). The QBE policy issued to Aurora provides: "*4. Other insurance* . . . [i]f other valid and collectible insurance is available to the insured for a loss we cover . . . our obligations are limited as follows: . . . *b. Excess Insurance* . . . [t]his insurance is excess over: . . . (2) Any other insurance, whether primary, excess, contingent or any other basis that is valid and collectible insurance available to you as an additional insured under a policy issued to: (a) A contractor performing work for you."

Contrary to the plaintiffs' contention, this provision applies to the school district plaintiffs, as well as to Aurora. In the absence of unambiguous contractual language to the contrary, an additional insured "enjoy[s] the same protection as the named insured" (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.*,

99 NY2d at 393 [internal quotation marks omitted]). The additional insured endorsement which provides for primary coverage for additional insureds does not vitiate this provision. The endorsement and the policy must be read together "and the words of the policy remain in full force and effect except as altered by the words of the endorsement" (*Penna v Federal Ins. Co.*, 28 AD3d 731, 732 [2006], quoting *County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628 [1994]). Since the school district plaintiffs and Aurora are additional insureds under the Royal policy issued to a subcontractor, the QBE policy provides them with coverage excess to that provided to them under the Royal policy.

Further, the QBE policy provides that when its insurance is excess, QBE will have no duty to defend the insured if another insurer has such duty. Accordingly, the Supreme Court should have granted those branches of QBE's cross motion, made jointly with Aurora, which were for summary judgment on the third-party complaint declaring that Royal is obligated to defend and indemnify the school district plaintiffs and Aurora in the underlying action on a primary, noncontributory basis, and that the coverage provided by QBE is excess to that provided by Royal. Upon searching the record, we award summary judgment to QBE declaring that it is not obligated to defend the school district plaintiffs and Aurora in the underlying action unless no other insurer is obligated to defend those parties in the underlying action.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that QBE is not obligated to defend the school district plaintiffs and Aurora in the underlying action unless no other insurer is obligated to defend those parties in that action, that Royal is obligated to defend and indemnify those parties in that action on a primary, noncontributory basis, and that the coverage provided by QBE is excess to that provided by Royal (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Covello, J.P., Santucci, Chambers and Hall, JJ., concur.