■ MECCA CONTRACTING, INC., Respondent, v SCOTTSDALE INSURANCE COMPANY, Appellant, et al., Defendant. [33 NYS3d 364]—

In an action to recover damages for breach of contract and for a judgment declaring that the defendant Scottsdale Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *Amaya v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, commenced in the Supreme Court, New York County, under index No. 112140/10, the defendant Scottsdale Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated January 27, 2014, as granted that branch of the plaintiff's motion which was for summary judgment declaring that the defendant Scottsdale Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action and, in effect, that a policy of insurance issued by Scottsdale Insurance Company is primary to any other insurance coverage that the plaintiff may have procured.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Scottsdale Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action entitled *Amaya v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, commenced in the Supreme Court, New York County, under index No. 112140/10, and that the policy of insurance issued by Scottsdale Insurance Company is primary to any other insurance coverage that the plaintiff may have procured.

The plaintiff, Mecca Contracting, Inc. (hereinafter Mecca), was the general contractor on a construction project known as

the 49 Wilson Avenue construction project (hereinafter the project). Mecca hired the defendant Salcora Construction Corp. (hereinafter Salcora) to perform certain work on the project and entered into a contract with Salcora, wherein Salcora agreed to purchase and maintain various types of insurance and agreed to include Mecca as an additional named insured on the policies. Salcora obtained liability insurance from the defendant Scottsdale Insurance Company (hereinafter Scottsdale). While Mecca was not explicitly named as an additional insured on the policy, the policy contained a "Blanket Additional Insured Endorsement" which provided, in relevant part, that any person or organization whom Salcora was required to add as an additional insured on the policy pursuant to a written contract, would be considered an additional insured under the policy. The policy provided Salcora with primary coverage, and the Blanket Additional Insured Endorsement provided any additional insured with "excess" coverage, unless a written contract specifically required that the Scottsdale policy be primary. It is undisputed that the contract between Mecca and Salcora expressly states that the Scottsdale policy would be primary.

A worker for a sub-subcontractor hired by Salcora on the project site allegedly was injured when his hand became trapped under a fire escape ladder. Thereafter, he commenced an action entitled *Amaya v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, in the Supreme Court, New York County, under index No. 112140/10 (hereinafter the underlying action), against Mecca and others, to recover damages for his personal injuries. Mecca sought coverage and a defense from Scottsdale. However, Scottsdale disclaimed coverage and refused to provide a defense. Thereafter, Mecca commenced this breach of contract and declaratory judgment action against both Scottsdale and Salcora, seeking a declaration that Mecca was an additional insured under the Scottsdale policy issued to Salcora, that Scottsdale was obligated to defend and indemnify Mecca in the underlying action, that Scottsdale was required to reimburse Mecca for all costs incurred by Mecca in defending itself after Scottsdale's improper disclaimer of coverage, and, finally, that if Mecca were not declared an additional insured under the Scottsdale policy, that Salcora be found to have breached the contract between Mecca and Salcora.

The Supreme Court granted that branch of Mecca's motion which was for summary judgment declaring that Mecca was an additional insured under the policy and that Scottsdale was obligated to defend and indemnify Mecca in the underlying ac-

tion. The court further held, in effect, that the Scottsdale policy was primary to any other insurance Mecca may have procured. Scottsdale appeals. We affirm.

Mecca established its prima facie entitlement to the declaration sought. In support of its motion, Mecca submitted, inter alia, its contract with Salcora and the subject insurance policy. In Mecca's contract with Salcora, Salcora agreed to make Mecca an additional insured under the policy. "Additional insured" is a recognized term in insurance contracts and the "well-understood meaning of the term is an entity enjoying the same protection as the named insured" (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003] [internal quotation marks omitted]). The policy provided the named insured, Salcora, with primary coverage. Under the Blanket Additional Insured Endorsement of the policy, Scottsdale agreed to provide primary coverage to any party with whom Salcora entered into a contract if such contract specifically required the Scottsdale policy to be primary. Since the policy provided Salcora with primary coverage, and Salcora agreed to make Mecca an additional insured, the contract between Mecca and Salcora constituted a contract requiring Scottsdale to provide Mecca with primary coverage, and satisfied the requirement of the Blanket Additional Insured Endorsement (*see id.* at 393-394; *William Floyd School Dist. v Maxner*, 68 AD3d 982, 986-987 [2009]; *see also Mack-Cali Realty Corp. v NGM Ins. Co.*, 119 AD3d 905, 907-908 [2014]). In opposition, Scottsdale failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Mecca's motion which was for summary judgment declaring that Scottsdale was obligated to defend and indemnify Mecca in the underlying action and, in effect, that the Scottsdale policy is primary to any other coverage that Mecca may have procured (*see Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d at 393; *William Floyd School Dist. v Maxner*, 68 AD3d at 986-987).

In light of our determination, we need not reach Scottsdale's remaining contention.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Scottsdale is obligated to defend and indemnify the plaintiff in the underlying action, and that the policy of insurance issued by Scottsdale is primary to any other insurance coverage that the plaintiff may have procured (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.