■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v HARTFORD INSURANCE COMPANY et al., Respondents. [610 NYS2d 219] —Order and judgment (one paper), Supreme Court, New York County (Edward J. Greenfield, J.), entered January 14, 1993, which denied plaintiff's motion for summary judgment and granted defendants Hartford Insurance Company ("Hartford") and Tara Mechanical Company, Inc.'s ("Tara") cross-motions for summary judgment, declared Hartford has no obligation to defend or indemnify plaintiff and dismissed the complaint as against those defendants, modified, on the law, to the extent of granting plaintiff's motion as against Hartford, denying Hartford's cross-motion, and declaring that Hartford was obligated to defend, and is obligated to indemnify plaintiff to the extent of the policy limits, and is otherwise affirmed, without costs.

The IAS Court erred in applying a narrow interpretation to the "Additional Insured" endorsement, which states: "The 'Persons Insured' provision is amended to include as an insured [Con Edison] but only with respect to liability arising out of operations performed for such insured by or on behalf of the named insured [Tara]."

The above quoted policy language focuses not upon the precise cause of the accident, as defendants urge, but upon the general nature of the operation in the course of which the injury was sustained. Here, Mr. Calise, an employee of a subcontractor hired by Tara, was working in furtherance of his duties under Tara's contract with Con Edison when the steam valve exploded resulting in his injuries. Specifically, Mr. Calise was injured while conducting operations for plaintiff by or on behalf of Tara in the course of removing debris and other material accumulated from Tara's contracted insulation work. The fact that the cause of the injury may have been plaintiff's fault, or due to plaintiff's negligence, is immaterial *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Charter*

*Oak Fire Ins. Co. v Trustees of Columbia Univ.,* 198 AD2d 134; *Dayton Beach Park No. 1 Corp. v National Union Fire Ins. Co.,* 175 AD2d 854, *lv denied* 78 NY2d 864; *Long Is. R. R. Co. v Interboro Mut. Indem. Ins. Co.,* 84 AD2d 809). The language of the subject endorsement extends coverage for the injuries sustained by the subcontractor's employee in this case.

Defendants' argument that the clause is an exclusion is without merit for as an endorsement, it is an addition, rather than a limitation of coverage and the "but only" qualification does not change the meaning of the latter portion of the clause. In any event, even if we were to consider the provision as an exclusion, it would be subject to the well settled principle that in order for an insurer to negate coverage through an exclusion, it must establish that the exclusion is set forth in clear and unmistakable language, that it is subject to no other reasonable interpretation, and that it applies to the facts of the particular case *(see, Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 652; *Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66). The language here is neither clear nor unmistakable and, therefore, does not support defendants' claim of an exclusion. If the parties intended to exclude coverage arising out of the negligence of Con Edison, such language could have been easily added into the subject endorsement.

In addition, any ambiguities contained in the exclusion clause are to be strictly construed against the insurer *(see, Cone v Nationwide Mut. Fire Ins. Co.,* 75 NY2d 747; *County of Broome v Travelers Indem. Co.,* 58 NY2d 753; *Castracane v Knights of Columbus,* 190 AD2d 707, 708, *lv denied* 82 NY2d 651).

Moreover, had we found that the provision in question is an exclusion and was enforceable, Hartford's failure to timely disclaim coverage rendered its disclaimer ineffective. The reasonableness of a delay in disclaiming is measured from the point in time when the insurer becomes aware of sufficient facts upon which to base a decision to disclaim coverage *(see,* Insurance Law § 3420 [d]; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Nova Cas. Co. v Charbonneau Roofing,* 185 AD2d 490; *Mount Vernon Fire Ins. Co. v Unjar,* 177 AD2d 480).

In the instant action, Hartford's internal memorandum, dated February 2, 1987, which summarized the facts surrounding Mr. Calise's injuries as well as the reasoning behind which Hartford would eventually disclaim coverage, preceded the

disclaimer letter by four and one-half months. This, in our view, constituted an unreasonable delay and was, therefore, untimely. While we are aware that the failure to disclaim cannot create coverage where none existed *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 137; *National Gen. Ins. Co. v Hartford Acc. & Indem. Co.,* 196 AD2d 414), no such circumstances exist herein.

Had we not found coverage under the policy, however, Tara would have been liable for failure to procure such coverage pursuant to its contract with Con Edison *(see, Morel v City of New York,* 192 AD2d 428). But since that is not the case, the complaint was properly dismissed as against Tara. Concur— Murphy, P. J., Asch, Williams and Tom, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Greenfield, J.