■ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Appellants, v CNA INSURANCE COMPANY et al., Respondents. [652 NYS2d 742] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about May 10, 1996, which, *inter alia*, denied plaintiffs' motion for summary judgment on the issue of indemnification, reversed, on the law, with costs, and summary judgment granted declaring that CNA must indemnify Tishman to the extent of the policy limits.

The motion court erred in applying General Obligations Law § 5-322.1's bar against contractual indemnification clauses to the insurance procurement clause at issue here, which is not barred (*Morel v City of New York*, 192 AD2d 428; *Kinney v Lisk Co.*, 76 NY2d 215, 218). With regard to the latter type of contractual provision, the alleged negligence of Tishman is irrelevant, as a matter of law (*see, Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83; *Aetna Cas. & Sur. Co. v National Union Fire Ins. Co.*, 228 AD2d 385, 386).

Moreover, CNA's proffered interpretations of the "Additional Insured" clause are without merit. The focus of the clause is "not * * * the precise cause of the accident, as [the insurers] urge, but upon the general nature of the operation in the course of which the injury was sustained" (*Consolidated Edison Co. v Hartford Ins. Co., supra*, at 83). Also, the clause was not to be read as an exclusion of coverage arising out of Tishman's negligence, since, as an endorsement, it was an addition to coverage, not a limitation. Defendants' reading would create an ambiguity in the clause, which would be resolved against the insurer in any case (*supra*, at 84). The parties could have easily drafted their agreement to that effect if it was their intention. Finally, the fact that the premium for the "Additional Insured" endorsement was "included" indicates nothing more than that the coverage and the payment for it had already been negotiated by the parties. Concur—Milonas, Ellerin, Nardelli and Williams, JJ.

Sullivan, J. P., dissents in a memorandum as follows: I agree that the IAS Court improperly denied plaintiffs' motion for summary judgment declaring that defendants were obligated to indemnify them in connection with the underlying Presti action on the ground that General Obligations Law § 5-322.1 constituted a bar to such indemnification. It is now well settled that an agreement to indemnify another through insurance is enforceable as an appropriate loss allocation device, which

does not implicate any statutory prohibition against indemnifying another for that party's negligence. (*See, Kinney v Lisk Co.*, 76 NY2d 215; *Mathew v Crow Constr. Co.*, 220 AD2d 490; *see also, Morel v City of New York*, 192 AD2d 428.)

Summary judgment was nonetheless correctly denied as to the duty to indemnify. At this juncture, prior to a determination of their liability, plaintiffs cannot place themselves within the ambit of defendants' additional insured endorsement, which provides: "The insurance for that Additional Insured is limited as follows: 1. That person or organization is only an Additional Insured for its liability arising out of premises you own, rent, lease or occupy, or for 'your work' for or on behalf of the Additional Insured."

Insofar as the underlying claim is concerned, the plaintiff Presti, an electrician employed by defendants' insured, Unity, the electrical subcontractor on the job, testified at his deposition that at the time of the accident he was heading towards Unity's shanty, located in the lower section of the basement level of the job site, the St. Regis Hotel, to obtain materials or to speak to his foreman. Presti alleges that as he proceeded he fell on a ramp covered by masonite sheets. The ramp was used by all of the subcontractors, including plumbers, carpenters, laborers and fitters, as well as electricians. Presti did not know who placed the masonite sheets on the ramp. Thus, it can be seen that the focus of attention with respect to the additional insured clause is on whether plaintiffs' liability is for "your [Unity's] work".

The majority's interpretation of the clause at issue, no doubt fortified by this Court's ruling in *Consolidated Edison Co. v Hartford Ins. Co.* (203 AD2d 83) that the additional insured clause does not focus on the cause of the accident but upon the "general nature of the operation in the course of which the injury was sustained" (*supra,* at 83), reads out of the endorsement the key words limiting coverage for the additional insured, insofar as relevant to the issue at hand, to "its liability * * * for 'your work' for or on behalf of the Additional Insured."* The majority interprets the endorsement to provide additional insured coverage as long as the party making a

---

* It is at least arguable that the additional insured endorsement in the *Consolidated Edison* case *(supra),* which covered the additional insured for "liability *arising out* of operations performed" *(supra,* at 83) for the additional insured by or on behalf of the named insured afforded broader coverage than the additional insured endorsement here, which referred to "liability * * * *for* 'your [Unity's] work' for or on behalf of the Additional Insured." (Emphasis added.)

claim against the additional insured sustained injuries in the course of Unity's work, which, I respectfully submit, is a distortion of the endorsement's clear language.

What is required to trigger the endorsement's coverage is an injury giving rise to liability on the part of plaintiffs, the putative named insureds, resulting from the work performed by Unity for or on behalf of plaintiffs at the site. This has not been shown and will not be determined until the issue is resolved at the trial of the Presti action. In that regard, in his action Presti has alleged violations by plaintiffs of Labor Law §§ 200, 240 and 241, as well as common-law negligence. Under such a pleading, the proof may well result in a finding of liability against plaintiffs herein arising out of a factual premise other than Unity's work. Thus, the motion for a summary judgment declaration as to liability was correctly denied, if not for the proper reason.

The order on appeal should be affirmed.