■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, et al., Defendant. [697 NYS2d 620] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about May 21, 1998, which, in an action by plaintiff Consolidated Edison Company of New York (Con Edison) against defendant insurer, United States Fidelity and Guaranty Company (USF&G), for a declaration that USF&G is obligated to indemnify Con Edison in an underlying action for personal injuries brought by an employee of plaintiff's contractor, defendant Hallen Construction (Hallen), upon the parties' respective cross-motions for summary judgment, declared in plaintiff's favor that defendant is obligated to indemnify it in the underlying action, affirmed, without costs.

Con Edison was named as an additional insured in a policy obtained by its excavation contractor Hallen from defendant USF&G, under an additional insured endorsement limiting coverage to "liability arising out of 'your work' [i.e., Hallen's work] for that insured [i.e., the additional insured, Con Edison] by or for you". In the underlying personal injury action, Hallen's employee claimed he was injured because of Con Edison's negligent placement of a barricade, and Con Edison's third-party claim against Hallen was dismissed. Con Edison, in consultation with counsel for USF&G, then settled with the injured plaintiff. The only question reserved by USF&G was whether Con Edison's liability arose out of "your work". On appeal, USF&G argues that it is not obligated under the additional insured endorsement because placement of the barricade had nothing to do with Hallen's work for Con Edison. This precise argument, including the distinction defendant makes between the word "work" used in this endorsement and the word "operations" often used in similar endorsements (*see, e.g., Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83), was made with respect to a virtually identical additional insured endorsement in *Tishman Constr. Corp. v CNA Ins. Co.* (236 AD2d 211) and rejected (*cf., O'Connor v Serge El. Co.*, 58 NY2d 655). Nor does the dismissal of Con Edison's third-party claim against Hallen, and any resulting implication that Con Edison was negligent in maintaining an unsafe workplace for Hallen's employees, have any bearing on the issue of USF&G's obligations to Con Edison under the additional insured

endorsement (*see, Tishman Constr. Corp. v CNA Ins. Co., supra*). Concur—Nardelli, Mazzarelli, Rubin and Andrias, JJ.

Sullivan, J. P., concurs in a memorandum as follows: I agree with the majority that under the additional insured endorsement of its policy, USF&G is obligated to indemnify Con Edison for any liability incurred in the underlying personal injury action. The endorsement defines an additional insured as "the person or organization shown in the schedule, but only with respect to liability arising out of 'your [Hallen's] work' for that insured [Con Edison] by or for you [Hallen]." In maintaining that, under the circumstances presented, USF&G is not obligated to indemnify Con Edison under the additional insured endorsement, USF&G asserts that in dismissing, in the underlying action, Con Edison's third-party action against Hallen, the court necessarily found that any liability of Con Edison would have to arise out of Con Edison's negligence and not out of any work performed by Hallen. USF&G thus suggests that since Hallen was found to have been free from negligence, it cannot be said that there was any "liability arising out of [Hallen's] work." The question of whether or not Hallen was negligent is, however, *irrelevant to Con Edison's coverage as an additional insured.*

In construing the expression "arising out of" in the context of a liability policy exclusion which excludes injuries arising out of the ownership, maintenance, or use of a motor vehicle, the Court held it to " ' "mean originating from, incident to, or having connection with the use of the vehicle." ' " (*New Hampshire Ins. Co. v Jefferson Ins. Co.*, 213 AD2d 325, 330, quoting *Cone v Nationwide Mut. Fire Ins. Co.*, 75 NY2d 747, 750 [Kaye, J., dissenting].) There is no reason to accord the language a less expansive interpretation when contained in an additional insured definition. In *Consolidated Edison Co. v Hartford Ins. Co.* (203 AD2d 83), where the additional insured was covered " 'with respect to liability arising out of operations performed for such insured by or on behalf of the named insured' ", the Court held that the "policy language focuses not upon the precise cause of the accident * * * but upon the general nature of the operation in the course of which the injury was sustained." Thus, even if the injuries of the plaintiff in the underlying personal action—a Hallen employee—were solely attributable to Con Edison's negligence, Con Edison's liability for those injuries would have arisen out of Hallen's work since the injuries were incurred during the course of the employee's performance of work for Hallen pursuant to the contract between Hallen and Con Edison. (*See, supra.*)