■ STRUCTURE TONE, INC., Appellant, v COMPONENT ASSEMBLY SYSTEMS et al., Respondents. [713 NYS2d 161] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about December 20, 1999, denying that portion of plaintiff's motion for summary judgment seeking a declaration that defendant Royal Insurance Company of America must indemnify plaintiff in the underlying personal injury action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The premises owner hired plaintiff Structure Tone as general contractor, plaintiff hired defendant Component Assembly Systems to perform carpentry work, and Component subcontracted to Ledgerock Associates. The contract between Component and plaintiff required Component to procure insurance, which was procured from Royal, naming plaintiff as additional insured for all claims arising out of Component's work at the construction site. The phrasing of the additional insured clause of the policy limited such coverage "to liability arising out of 'your work' * * * by or for you." Thomas Lane, a Ledgerock employee, commenced an action against the owner and plaintiff Structure in connection with injuries he sustained when he allegedly tripped and fell on a piece of electrical wiring at the construction site. Structure impleaded Component, and Component impleaded Ledgerock. Structure then demanded a defense and indemnification from Component pursuant to its status as an additional insured under the policy with Royal. However, arguing that the injury did not arise out of work performed by Component for Structure, and that Structure was actually responsible for cleaning up debris, Royal declined coverage. The motion court, denying summary judgment, found that issues of fact existed regarding whether the injuries arose out of Component's work, or Structure's work, or another subcontractor's work, and that resolution of these issues had to await trial.

Our ruling in *Tishman Constr. Corp. v CNA Ins. Co.* (236 AD2d 211) is dispositive. The sole focus in determining whether coverage under the additional insured endorsement was triggered, thus obligating Royal to indemnify Structure, is whether the accident arose out of Component's work or its subcontractor Ledgerock's work performed by them for Structure at the construction site. Even though Lane was a carpentry subcon-

tractor who fell on an electrical cable, the language of the endorsement is sufficiently broad to cover the present situation. Concur—Tom, J. P., Mazzarelli, Lerner and Buckley, JJ.