■ TURNER CONSTRUCTION Co., Respondent, et al., Plaintiffs, v PACE PLUMBING CORP. et al., Appellants. [748 NYS2d 356] —Order and judgment (one paper), Supreme Court, New York County (Franklin Weissberg, J.), entered March 28, 2001, which, inter alia, granted plaintiff Turner Construction Co.'s motion for summary judgment declaring that defendant TIG Insurance Company was obligated to indemnify and hold Turner harmless for expenses and liability which it incurred in the underlying personal injury action brought by an employee of TIG's primary insured, defendant Pace Plumbing, unanimously affirmed, with costs.

Plaintiff Turner was a defendant in the underlying personal injury action brought by an employee of plaintiff's subcontractor, Pace. Pace's employee, while employed on a project for which Turner was the general contractor, was allegedly injured when he slipped and fell on the floor of the construction site bathroom. Turner settled the underlying action and brought this declaratory judgment action against Pace and its insurer, TIG Insurance Company, seeking reimbursement of defense costs and indemnity pursuant to the master agreement between Pace and Turner and Pace's general liability policy in which Turner was named as an additional insured.

Prior to Turner's settlement of the underlying action, Queens County Supreme Court had issued an order precluding Turner from submitting evidence on its own behalf at trial as a penalty for Turner's discovery defaults. On Turner's appeal, the preclusion order was affirmed (*Provenzano v Turner Constr. Co.*, 275 AD2d 314). In light of the preclusion order and since "there is no evidence on the record of any negligence on the part of Pace," Queens County Supreme Court also dismissed Turner's third-party complaint against Pace seeking common-law and contractual indemnification and contribution.

These determinations notwithstanding, the IAS court properly held that TIG was obligated to provide Turner with a defense and indemnification in the underlying action. Defendants' argument that Turner is not entitled to additional insured status for liability that arose due to its own discovery defaults is unavailing because Turner's liability was never adjudicated, and, more to the point, no determination was made that the accident did not arise from Pace's work. Contrary to defendants' argument, Turner has not sought to relitigate decided issues. Indeed, the determinations relied on by

defendants have no bearing on whether TIG was required to provide Turner a defense and indemnify Turner pursuant to the additional insured endorsement. Rather, the relevant and previously unadjudicated issues in determining whether plaintiff was entitled to a defense and indemnification under the subject policy's additional insured endorsement were whether the injured employee's use of bathroom facilities located at the job site was a necessary and unavoidable activity that arose in the course of the construction project and whether the employee's injury therefore arose in connection with the execution of Pace's work for Turner. These inquiries were properly answered in the affirmative by the IAS court (*see Structure Tone v Component Assembly Sys.*, 275 AD2d 603; *Tishman Constr. Corp. v CNA Ins. Co.*, 236 AD2d 211). The dismissal of Turner's third-party complaint and any resulting implication that Turner was negligent have no bearing upon whether Turner may assert the rights of an additional insured under the policy at issue (*see Consolidated Edison Co. of N.Y. v United States Fid. & Guar. Co.*, 266 AD2d 9). In addition, defendants' attempt to escape the broad scope of the insurance endorsement clause as a matter of equity, urging, as they do, that Turner should not be permitted to benefit from "self-inflicted" liability arising from its own discovery defaults, is completely undermined by TIG's unjustifiable refusal of Turner's request for defense and indemnification long before Queens County Supreme Court issued its preclusion order.

Since the underlying action was settled before any judicial determination that Turner was negligent, the issue of whether Pace is required to indemnify Turner is moot. In any event, it bears noting that, in seeking summary judgment and opposing defendants' cross motions, Turner's counsel has explicitly disavowed Turner's direct claims against Pace for a defense and indemnification and merely seeks to enforce the insurance contract between Pace and TIG wherein Turner is named as an additional insured.

Defendants' additional appellate arguments are unavailing since there is no question that Pace's general liability insurance policy covers the date of the accident and defendants' subrogation claims are beyond the scope of this appeal. Concur—Nardelli, J.P., Saxe, Rosenberger, Friedman and Marlow, JJ.