(February 11, 2003)

■ KAJIMA CONSTRUCTION SERVICES, INC., et al., Appellants-Respondents, v CATI, INC., et al., Defendants, and INVESTORS INSURANCE COMPANY OF AMERICA, Respondent-Appellant. [755 NYS2d 375] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered August 16, 2002, which, to the extent appealed and cross-appealed from, denied plaintiffs' motion and defendant Investors Insurance Company of America's (Investors) cross motion for summary judgment, unanimously modified, on the law, and the motion and cross motion granted solely to the extent of declaring if it is determined in the underlying action that the claim of the plaintiff therein was solely attributable to the negligence or responsibility of the named insured under the subject Investors policy, Investors must afford plaintiff Kajima Construction Services (KCS) primary coverage to which the coverage afforded KCS under the Tokio policy will be excess, but that if the claim of the plaintiff is found not to be solely attributable to the negligence or responsibility of the named insured under the Investors policy, the coverage afforded plaintiff by the Investors policy will be excess to the coverage afforded under the Tokio policy, which will be primary in relation thereto, and otherwise affirmed, without costs.

The IAS court properly found that it cannot be determined whether plaintiff KCS is entitled to primary liability coverage under the policy issued by Investors until a determination as to liability is made in the underlying action. The additional insured endorsement in the Investors policy specifically provides that the additional insured coverage will be primary only if the underlying claim is determined to be solely as a result of the negligence or responsibility of the named insured.

However, contrary to the finding of the IAS court, in the event the underlying claim is found not to have arisen out of Investors' named insured's sole negligence or responsibility, the Investors policy is excess to the policy issued to KCS by plaintiff Tokio Marine and Fire Insurance Company. The Tokio policy provides that it is excess over any other primary insurance available. Thus, if the Investors' coverage is determined to be excess, then by its own terms, the Tokio coverage must be considered primary with respect to Investors' coverage. Under New York law, if the two policies were excess to one another, the companies would apportion the costs of defending and indemnifying KCS on a pro rata basis. However, where, as here, the coverage of one insurer must be primary and the other excess thereto, the primary insurer must pay up to the limits of its policy before the excess insurer becomes obligated to pay under its policy (*see Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682).

As for defense expenses, while it is well established that the duty to defend is greater than the duty to indemnify (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65), that rule is not unyielding but rather one of expedience. Here, KCS is already being afforded a defense by Tokio and there is no practical need for Investors to contribute to that effort, given that the issue of coverage with respect to indemnity is necessarily deferred pending a determination of the underlying action. That determination will also resolve the issue of primary responsibility for defense expenses. Moreover, there is an unseemly aspect in having Investors, at this juncture, underwrite the defense expenses of KCS, whose attorneys will no doubt endeavor to cast Investors' named insured as the party solely responsible in the underlying action. Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.