■ BIG APPLE CIRCUS, INC., Respondent, v CHUBB INSURANCE GROUP et al., Appellants, et al., Defendants. [760 NYS2d 428] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered April 25, 2002, which, upon the parties' respective motions for summary judgment, declared that defendants Chubb Insurance Group and Federal Insurance Co. insured plaintiff Big Apple Circus for the injury in issue, unanimously modified, on the law, to dismiss the complaint as against defendant Chubb, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant Chubb Insurance Group dismissing the complaint as against it.

At defendant Bloomberg, L.P.'s holiday party in plaintiff Circus's tent, an employee of the caterer slipped and fell after Circus had completed its circus performance but before the party was over. Under their Tent Sale Agreement, Circus would present a two-hour circus "Performance" and Bloomberg could use Circus's tent before, during and after the Performance for a private party "or a similar Activity." Before the party, the "Who Is Insured" clause of Bloomberg's preexisting general liability policy with defendant Federal was amended so as to name Circus as an additional insured for the day of the party only, "as required by contract," i.e., the Tent Sale Agreement, "but only with respect to [injuries] arising out of work performed for and on behalf of [Bloomberg]" and "not arising out of [Circus's] sole negligence."

The dispute is over whether this one-day amendment was made pursuant to paragraph 10 or 10a of the Tent Sale Agreement. Under paragraph 10, Bloomberg acknowledged

that Circus did not carry and had no obligation to purchase "insurance coverage for the sale of alcoholic beverages by [Bloomberg] in connection with the Performance or with any Activity," and agreed to make Circus an additional insured on "any insurance coverage" in addition to that carried by Circus it "deem[ed] necessary or desirable" to obtain in connection with the party. Under paragraph 10a, Bloomberg was prohibited from serving alcohol at the party unless it provided "an insurance certificate providing coverage in the sum of 1 Million Dollars ($1 million) indemnity for the Performance naming Big Apple Circus as an additional insured." Federal argues that since the only insurance "required" by the Tent Sale Agreement was that in paragraph 10a for the Performance in the event alcohol were served, and since the accident occurred afterwards at an Activity, the additional insurance was not implicated.

The one-day amendment is an additional insured clause that should not be construed to exclude coverage unless "it is subject to no other reasonable interpretation" (*Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83, 84 [1994]). The only clear limitations on Circus's coverage are for injuries arising out of Circus's sole negligence or not arising out of work performed for Bloomberg, neither of which describes the injury in issue here. Accordingly, like the IAS court, we construe the amendment to mean that Bloomberg deemed it "necessary or desirable" that the Federal policy cover the party, and that, as "required" by the Tent Sale Agreement, it was adding Circus to that policy. As the IAS court stated, it is "unfathomable" and "inconceivable" that Circus would want coverage for alcohol-related injuries sustained during the Performance but not during the holiday party held afterwards. Such an injury is "much more likely to occur during a late-night party than during an evening circus performance" by clowns and aerialists.

We modify to dismiss the action as against defendant Chubb in view of plaintiff's admission that the action was brought "solely" against defendant Federal, the issuer of the policy, and the absence of any argument by Federal on this point. Concur— Buckley, P.J., Andrias, Saxe, Lerner and Marlow, JJ.