(September 8, 2005)

■ CHELSEA ASSOCIATES, LLC, et al., Appellants, v LAQUILA-PINNACLE et al., Respondents. [801 NYS2d 15]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered February 2, 2004, which denied plaintiffs' motion for summary judgment seeking a declaration that defendant Gerling America Insurance Company was required to defend and indemnify plaintiffs in an underlying personal injury action, reversed, on the law, without costs, the motion granted and a declaration made that Gerling is obligated to defend and indemnify plaintiffs and to pay all reasonable defense costs and disbursements and the settlement amount of the underlying action.

This appeal involves (1) whether a general contractor is entitled to insurance coverage as an additional insured despite claims that the injured worker was not engaged in an insured activity; (2) whether the general contractor was itself negligent; and (3) even assuming the general contractor should be covered, whether a hearing must be conducted by the IAS court to determine the reasonableness of the settlement in the underlying personal injury action.

Plaintiff Turner Construction Company, as general contractor, contracted with plaintiff Albanese Development Corporation for the construction of a high-rise apartment building

owned by plaintiff Chelsea Associates. Plaintiff Liberty Mutual Insurance Company insured Turner, Chelsea and Albanese. Turner subcontracted the concrete work to defendant Laquila-Pinnacle. The subcontract contained an indemnification provision wherein Laquila agreed to defend, indemnify and hold Turner harmless from all claims of bodily injury by Laquila's employees, regardless of any negligence on Turner's part. Laquila was required to procure general liability insurance naming Turner and Chelsea as additional insureds, and such insurance was to be primary. Gerling thereafter issued the insurance Laquila was required to obtain.

Subsequently, Vincent Langella, a laborer employed by Laquila, commenced an action against Turner, Chelsea and Albanese (collectively, the Turner group) arising from injuries allegedly sustained when, en route to his work, he tripped on plywood used as a temporary ramp near the entrance to the job site.

The Turner group commenced the instant third-party action against Laquila based on separate indemnification and breach of contract causes of action. Following unsuccessful summary judgment motions by Langella and the Turner group, which were denied on findings that there existed various disputed issues of material fact, the latter settled with Langella for $305,000 and moved for summary judgment against Laquila and Gerling for defense and settlement costs incurred in the Langella litigation.

The IAS court denied the Turner group's motion, finding: (1) there was a question of fact regarding the Turner group's negligence liability to Langella, (2) there was no conclusive determination that Langella was actually injured while working, and (3) the Turner group's previous motion for indemnification had been denied.

There is no dispute that the three members of the Turner group were additional insureds on Laquila's policy with Gerling and that such insurance was deemed primary. It is clear that Gerling was legally obligated to defend and indemnify the Turner group in the Langella action (*see e.g. Structure Tone v Component Assembly Sys.*, 275 AD2d 603 [2000]; *Consolidated Edison Co. of N.Y. v United States Fid. & Guar. Co.*, 266 AD2d 9 [1999]). It is further undisputed that Langella was injured as he was entering the job site, en route to his work assignment. The ''contract could not be performed, of course, unless [the subcontractor's] employees could reach and leave their workplaces on the job site,'' and therefore the ''instant injuries, occurring during such a movement, must be deemed as a matter

of law to have arisen out of the work" (*O'Connor v Serge El. Co.*, 58 NY2d 655, 657-658 [1982]). Any negligence by the Turner group is not material to an additional insured endorsement (*see Consolidated Edison Co. of N.Y. v United States Fid. & Guar. Co.*, 263 AD2d 380, 382 [1999]). It is undisputed that the subcontract expressly exempted the Turner group from any disclaimer of coverage based on its own negligence. As to the contrary argument, the dissent itself acknowledges that several of our prior cases, starting with *Consolidated Edison Co. of N.Y. v Hartford Ins. Co.* (203 AD2d 83 [1994]), have declined to adopt its position, and we see no reason to adopt it now.

Finally, neither Laquila nor Gerling raised the issue now pressed on appeal, that the settlement amount of $305,000 agreed to by the Turner group to resolve the personal injury action was unreasonable, so a hearing on this issue would now be unwarranted (*see Serio v Public Serv. Mut. Ins. Co.*, 7 AD3d 277 [2004]; *Tishman Constr. Corp. of N.Y. v American Mfrs. Mut. Ins. Co.*, 303 AD2d 323 [2003]). We have considered the other claims raised by defendants and find them to be without merit. Concur—Buckley, P.J., Friedman and Marlow, JJ.

Mazzarelli and Sullivan, JJ., dissent in a memorandum by Sullivan, J., as follows: I would affirm the order denying plaintiffs' motion for summary judgment seeking a declaration of coverage against defendant Gerling and declare in said defendant's favor that it has neither an obligation to defend nor to indemnify plaintiffs in the underlying personal injury lawsuit against them by Langella.

Gerling's commercial general liability policy issued to Laquila contained an additional insured endorsement which, insofar as relevant, provided:

"WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of 'your work' performed for that insured by you or on your behalf. . . .

"[W]e will consider the insurance provided by this endorsement to be primary insurance and any other insurance provided to the additional insured shall be in excess and not contribute with the insurance provided by this policy, only if your contract with the additional insured required this insurance to be primary."

The certificate of insurance named Turner, Chelsea and Albanese, plaintiffs herein, as "additional insureds."

While there can be no dispute that plaintiffs were named as additional insureds under the Gerling policy, plaintiffs cannot

place themselves within the ambit of the additional insured clause. The clause has limited application; it applies "only with respect to liability arising out of '[Laquila's] work' performed for [plaintiffs] by [Laquila] or on [Laquila's] behalf." Absent a showing of liability on plaintiffs' part arising out of Laquila's work, the additional insured clause is never triggered. There has been no such showing here, since the case was settled by Turner for $305,000.

The only facts available as to the occurrence are that Langella, a Laquila employee, was injured when "his foot caught the edge of a sheet of plywood used as a temporary ramp, causing him to fall." According to Langella, "the plywood was turned up eight inches." Apparently, the plywood was part of a temporary walkway that led from the sidewalk to the building, which Langella had repeatedly used to enter and exit the construction site.

The majority's interpretation of Gerling's additional insured clause—that it is activated if the occurrence giving rise to the injuries arose "out of the work"—stems from this Court's decision in *Consolidated Edison Co. of N.Y. v Hartford Ins. Co.* (203 AD2d 83 [1994]), which, interpreting a clause similar to the one at issue here, held that the clause focuses not on the cause of the accident but upon "the general nature of the operation in the course of which the injury was sustained" (*id.*). The Court held that the additional insured endorsement covered Consolidated Edison because the injury occurred in the course of the subcontractor-named insured's work. Of course, such an interpretation reads out of the clause the key words pertinent to its application here: "*but only with respect to liability* arising out of '[Laquila's] work' " (emphasis added). The clause does not extend additional insured coverage for "your [i.e., Laquila's] work" performed for the named insured, as the majority holds, but rather only for the additional insured's liability arising out of Laquila's work. The majority's interpretation is a distortion of the clause's clear language.

In disagreeing with the majority, I acknowledge that this Court has followed *Consolidated Edison Co. of N.Y. v Hartford Ins. Co.* in *Structure Tone v Component Assembly Sys.* (275 AD2d 603 [2000]), *Consolidated Edison Co. of N.Y. v United States Fid. & Guar. Co. of N.Y.* (266 AD2d 9 [1999]), *Consolidated Edison Co. of N.Y. v United States Fid. & Guar. Co.* (263 AD2d 380 [1999]) and *Tishman Constr. Corp. of N.Y. v CNA Ins. Co.* (236 AD2d 211 [1997]), but not without dissent (*see Tishman* at 211-213). Nonetheless, the fact remains that the interpretation placed on the clause by *Consolidated Edison Co. of N.Y. v*

*Hartford Ins. Co.* distorts its plain meaning and has been rejected by this Court in interpreting a similar clause in the context of a non-construction case (*see e.g. Greater N.Y. Mut. Ins. Co. v Mutual Mar. Off.*, 3 AD3d 44, 48-50 [2003]), where we felt free of its constraint. There is no justification for adhering to an interpretation that is so manifestly skewed and serves no useful purpose. Gerling is entitled to the benefit of the contractual bargain, which it entered in the clearest terms.

Accordingly, I would declare in Gerling's favor and dismiss the complaint.