LONGWOOD CENTRAL SCHOOL DISTRICT et al., Appellants, v AMERICAN EMPLOYERS INSURANCE COMPANY et al., Respondents, et al., Defendants. [827 NYS2d 194]—

In an action, inter alia, for a judgment declaring that the defendants American Employers Insurance Company and Liberty Mutual Insurance Company are obligated to defend and indemnify the plaintiffs in an action entitled *Rayano v Longwood Central School District*, pending in the Supreme Court, Suffolk County, under index No. 02-01370, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), entered September 14, 2005, as denied those branches of their motion which were for summary judgment on the causes of action asserted against the defendants Liberty Mutual Insurance Company and American Employers Insurance Company, granted the cross motion of the defendant American Employers Insurance Company for summary judgment, and granted the motion of the defendant Liberty Mutual Insurance Company for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the cross motion of the defendant American Employers Insurance Company for summary judgment is denied, the motion of the defendant Liberty Mutual Insurance Company for summary judgment is denied, those branches of the plaintiffs' motion which were for summary judgment on the causes of action asserted against the defendants American Employers Insurance Company and Liberty Mutual Insurance Company are granted, and the matter is remitted to the Supreme Court, Nassau County, for proceedings consistent herewith.

Hanley Rayano, an employee of the defendant ARA Plumbing & Heating Corp. (hereinafter ARA), was working on a reconstruction project on property owned by the plaintiff Longwood Central School District (hereinafter Longwood), when he slipped and fell on snow and ice in the teacher's parking lot. At the time of the accident, Rayano was on his way from the construction trailer to one of the buildings under construction to inspect a frozen pipe at the direction of Dick Luce, an employee of Turner Construction Company (hereinafter Turner), the construction manager at the site. Mr. Luce accompanied Rayano as they proceeded to inspect the frozen pipe.

Longwood had its own general liability insurance through the plaintiff New York Schools Insurance Foundation, as attorney-in-fact for New York Schools Insurance Reciprocal (hereinafter collectively referred to as NYSIR), ARA had insurance under a policy issued by the defendant American Employers Insurance Company (hereinafter American), and Turner had insurance under a policy issued by Liberty Mutual Insurance Company (hereinafter Liberty).

"[A]n agreement to purchase insurance coverage is clearly distinct from and treated differently from the agreement to indemnify" (*Kennelty v Darlind Constr.*, 260 AD2d 443, 445 [1999]; *see Kinney v Lisk Co.*, 76 NY2d 215, 218 [1990]). Furthermore, while an indemnification provision in a contract that seeks to indemnify a party for its own negligence is void as against public policy, insurance procurement provisions are valid and enforceable and are not proscribed by General Obligations Law § 5-322.1 (*see Leibel v Flynn Hill El. Co.*, 25 AD3d 768 [2006]; *Cavanaugh v 4518 Assoc.*, 9 AD3d 14, 20-21 [2004]).

Here, the Supreme Court improperly relied upon the indemnification agreement contained in the contract between ARA and Longwood (*see Kennelty v Darlind Constr., supra*). Neither the insurance procurement provision of the contract, nor the policy itself contained any restrictions limiting coverage to incidents

arising from the negligence of either party (*see Leibel v Flynn Hill El. Co., supra*). The only restriction contained in the additional insured clause of the subject policy was that the accident must arise out of ARA's work. Because Rayano's accident occurred as he was traversing the parking lot to inspect the frozen pipe, his accident arose out of ARA's work (*see Chelsea Assoc., LLC v Laquila-Pinnacle*, 21 AD3d 739 [2005]; *Turner Constr. Co. v Pace Plumbing Corp.*, 298 AD2d 146 [2002]). Accordingly, the Supreme Court improperly granted American's cross motion for summary judgment.

The Supreme Court also improperly granted Liberty's motion for summary judgment based on its determination that Rayano's injuries did not arise out of Turner's work. Rayano, the supervisor of the plumbing contractor, was led to the construction area where the frozen pipe was located by the same Turner employee who specifically directed him to immediately inspect the pipe as it was flooding the school (*see Chelsea Assoc., LLC v Laquila-Pinnacle, supra; Turner Constr. Co. v Pace Plumbing Corp., supra*). In light of our determination, as well as the parameters of Liberty's disclaimer, the issue of the timeliness of the disclaimer is academic.

Accordingly, the Supreme Court should have granted those branches of the plaintiffs' motion which were for summary judgment on the causes of action asserted against American and Liberty.

As the Supreme Court awarded summary judgment in favor of American and Liberty on the ground that Rayano's injury did not arise out of either ARA's or Turner's work, it did not reach that branch of the plaintiffs' motion which was to determine priority of coverage. That branch of the motion remains pending and undecided (*see Goldman v Simon Prop. Group, Inc.*, 31 AD3d 382 [2006]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a determination of that branch of the plaintiffs' motion and thereafter for the entry of a judgment declaring the respective obligations of American and Liberty as to the plaintiffs' defense and indemnity (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The parties' remaining contentions are without merit. Goldstein, J.P., Spolzino, Skelos and Covello, JJ., concur.