(April 5, 2007)

■ CITY OF NEW YORK, Respondent, v ZURICH AMERICAN INSURANCE COMPANY, Appellant. [834 NYS2d 105]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 22, 2005, which, to the extent appealed from as limited by the briefs, denied defendant's motion for renewal of its prior motion for summary judgment, and sua sponte declared defendant obligated to defend plaintiff in an underlying personal injury action as an additional insured under the subject policy and to reimburse plaintiff for litigation expenses, including reasonable attorneys' fees, affirmed, without costs.

The stipulation discontinuing the underlying personal injury claims against defendant's primary insured is not dispositive of defendant's duty to defend plaintiff as an additional insured under the policy. "[T]he duty of an insurer to defend is broader than its duty to indemnify" (*Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141, 145 [2000]). While the stipulation upon which defendant relies precludes any further claim by the underlying plaintiffs against the insured contractor, it does not by its terms preclude a claim that plaintiff failed to properly inspect or supervise the work of the insured contractor. Nor does the stipulation or any other documentation submitted by defendant establish as a conceded or uncontested fact that the accident was unrelated to the contractor's work. Accordingly, defendant failed to establish a right to the relief it sought.

Based upon the submissions to the IAS court, the declaration that defendant is obligated to defend plaintiff in the underlying personal injury action was proper. Concur—Andrias, J.P., Saxe, Williams and Sweeny, JJ.

McGuire, J., concurs in a separate memorandum as follows: I

agree that the order appealed from should be affirmed but write separately to underscore that this appeal resolves only a narrow issue. Defendant insurer Zurich's sole argument on appeal is that the stipulation discontinuing with prejudice the underlying personal injury claims against its named insured, American Bridge Company, precludes any finding in the underlying action that plaintiff City's liability arose out of either American Bridge's work for the City or the City's supervision of that work. The City is an additional insured under the policy Zurich issued to American Bridge but only with respect to liability that so arises. Accordingly, maintaining that such a liability finding no longer can be made in the underlying action, by virtue of the stipulation, Zurich argues there can no longer be an indemnity obligation to the City under the policy. Thus, the issue that recently has divided this Court, whether a finding of liability in accordance with the terms of the additional insured endorsement in the underlying action is a condition precedent to the triggering of additional insured coverage (*see BP A.C. Corp. v One Beacon Ins. Group*, 33 AD3d 116, 132 [2006, Sullivan, J., dissenting], *lv granted* 2006 NY Slip Op 82372[U] [2006]; *Chelsea Assoc., LLC v Laquila-Pinnacle*, 21 AD3d 739, 741 [2005, Sullivan, J., dissenting], *lv denied* 6 NY3d 742 [2005]), is not before us.

As the City stresses, its answer in the underlying action asserted a cross claim for contribution and indemnification against American Bridge alleging that American Bridge was liable to the City if the City was liable to the plaintiffs. I agree that the stipulation of discontinuance does not bar either the plaintiff's direct claim against the City or the continued prosecution of the cross claim. In this regard, I note that Zurich does not raise any issue concerning the antisubrogation rule precluding an insured from seeking contribution or indemnification from another insured (*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294-296 [1993]).

Zurich's reliance on *City of Niagara Falls v Merchants Ins. Group* (34 AD3d 1263 [2006]) is misplaced. In that case, it appears that the order in the underlying action granting summary judgment to the named insured dismissed not only the complaint but also the cross claims asserted by the City, the party contending in the coverage action that it was an additional insured. Accordingly, that order was fatal to the City's position in the coverage action that it was an additional insured (*see Harriman Estates Dev. Corp. v General Acc. Ins. Co.*, 309 AD2d 575 [2003]).