13-1646(L)
Certain Underwriters at Lloyds of London v. Illinois Nat'l Ins. Co. et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand fourteen.

PRESENT:  DENNIS JACOBS,
          RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
          *Circuit Judges.*

-----------------------------------------------------------------

CERTAIN UNDERWRITERS AT LLOYDS OF
LONDON, ISSUING POLICY NOS. 509/DL458805
AND 509/DL460005, ASPEN INSURANCE UK LTD.,
ARCH INSURANCE COMPANY (EUROPE) LTD.,

*Plaintiffs-Appellees*,

v.                             Nos. 13-1646(L); 13-1860(CON)

ILLINOIS NATIONAL INSURANCE
COMPANY, HARTFORD FIRE INSURANCE
COMPANY, TRAVELERS INSURANCE
COMPANY, GREAT AMERICAN ASSURANCE

1

COMPANY, ARCH INSURANCE COMPANY,

*Defendants*,

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, CONTINENTAL CASUALTY COMPANY,

*Defendants-Appellants*.

-------------------------------------------------------------------

FOR APPELLANTS:   CHRISTOPHER R. CARROLL, Carroll, McNulty & Kull, LLC, Basking Ridge, NJ, *for* Continental Casualty Company.

ANTHONY J. ZARILLO, JR., Bevan, Mosca, Giuditta & Zarillo, P.C., New York, NY, *for* Insurance Company of the State of Pennsylvania.

FOR APPELLEES:   IRA S. LIPSIUS, Lipsius-Benhaim Law LLP, Kew Gardens, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendants-appellants Insurance Company of the State of Pennsylvania ("ICSOP") and Continental Casualty Company ("Continental") (together, the "Insurers") properly filed this interlocutory appeal challenging the District Court's denial of their motion for summary judgment, entered March 3, 2011, and the District Court's denial of their motion for reconsideration, entered November 27, 2012. See 28 U.S.C. § 1292(b). There are two insurance policies at issue on this appeal: ICSOP's automobile insurance policy issued to Norbet

2

Trucking and Continental's umbrella policy, which incorporates ICSOP's policy.[1] We are asked principally to consider whether, applying New York's choice-of-law principles, New York or New Jersey law governs these policies. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo both the District Court's decision on the Insurers' motion for summary judgment, Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 763 (2d Cir. 2002), and its decision on the Insurers' motion for reconsideration, Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 52 n.3 (2d Cir. 2012).

To determine which State's law governs an insurance contract, New York applies a "center of gravity" approach, according to which "the spectrum of significant contacts—rather than a single possibly fortuitous event—may be considered." In re Allstate Ins. Co. (Stolarz), 81 N.Y.2d 219, 226 (1993). "Along with 'the traditionally determinative choice of law factor of the place of contracting,' the New York Court of Appeals has endorsed the following factors (identified in the Restatement [of Conflict of Laws]): 'the places of negotiation and performance; the location of the subject matter; and the domicile or place of business of the contracting parties.'" Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 151-52 (2d Cir. 2008) (quoting Zurich Ins. Co. v. Shearson Lehman Hutton, 84 N.Y.2d 309, 317 (1994)); see Stolarz, 81 N.Y.2d at 227-28.

Applying these principles to ICSOP's automobile insurance contract with Norbet Trucking, it is apparent that New Jersey law applies. The policy was

---

[1] The ICSOP policy, like the policy in In re Allstate Ins. Co. (Stolarz), 81 N.Y.2d 219 (1993), and unlike the policy in Worth Constr. Co. v. Admiral Ins. Co., 836 N.Y.S.2d 155 (1st Dep't 2007), is clearly an automobile insurance policy.

issued in New Jersey and covers vehicles registered and garaged in New Jersey. See Stolarz, 81 N.Y.2d at 227-28 ("The subject matter of the contract, a vehicle, does not have a fixed location but is registered in New Jersey."). Moreover, the insured's principal place of business is New Jersey. See Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp., 822 N.Y.S.2d 30, 35-36 (1st Dep't 2006) (where the disputed policy "cover[s] risks in multiple states," "the state of the insured's domicile should be regarded as a proxy for the principal location of the insured risk" and "the state of the principal place of business takes precedence" over the insured's state of incorporation), aff'd 9 N.Y.3d 928 (2007); Restatement (Second) of Conflict of Laws § 188 cmt. e (1971) ("At least with respect to most issues, a corporation's principal place of business is a more important contact than the place of incorporation"). In short, all of the relevant contacts under New York's "center of gravity" approach favor the application of New Jersey law.[2]

In urging a contrary conclusion, ICSOP argues that New York law should govern because that is where the accident giving rise to the underlying personal injury suit occurred. But its "reliance on New York as the situs of the accident . . . confuses the contacts that might be significant in a tort case with those that are material in a contract dispute." Stolarz, 81 N.Y.2d at 228. And although "[t]here are . . . instances where the policies underlying conflicting laws in a contract dispute are readily identifiable and reflect strong governmental interests, and therefore should be considered," id. at 226, we discern no such governmental policy favoring New York law on the facts of this case. We conclude that New Jersey law applies to the ICSOP policy.

---

[2] Since there is no issue here as to performance, the "place of performance" is irrelevant. Stolarz, 81 N.Y. 2d at 228.

Continental has acknowledged that its policy is governed by the same law as the ICSOP policy. Continental's policy names ICSOP as an additional insured, piggybacking on the terms of the ICSOP policy but providing excess liability coverage of up to $25 million. Continental does not provide compelling reasons to conclude that the Continental policy is any more connected to New York than is the ICSOP policy. Accordingly, New Jersey law also governs the Continental umbrella policy.

We decline the invitation to address the parties' arguments under New Jersey law at this time. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court