■ Morse Diesel International, Appellant, v Olympic Plumbing & Heating Corp. et al., Respondents. [750 NYS2d 72] —Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered January 18, 2002, which denied plaintiff Morse Diesel International's motion for summary judgment, granted the cross motion of defendant United States Fire Insurance Company and awarded judgment declaring that United States Fire Insurance Company is not obligated to defend or indemnify plaintiff in the underlying action, unanimously reversed, on the law, with costs, the motion granted, the cross motion denied, and it is declared that United States Fire Insurance Company is required to defend the underlying action.

Nonparty Michael Salera, an employee of defendant Olympic Plumbing & Heating Corp., sustained injury in a fall at a Rikers Island construction site. The complaint in the underlying action alleges that the landing of a stairway had not been filled with concrete, leaving wire mesh exposed and creating a hazard. It alleges negligence on the part of the City of New York and various subcontractors engaged in work at the site. Plaintiff Morse Diesel, the general contractor on the project, and its agents are alleged to have been negligent in constructing and maintaining the staircase, thereby creating a dangerous and trap-like condition.

Morse, an additional insured under a policy issued to defendant Olympic Plumbing by defendant United States Fire Insurance Company (US Fire), tendered its defense to US Fire. US Fire disclaimed coverage, contending that injury did not arise out of the act or omission of plaintiff Morse in its supervision of the work performed for it by defendant Olympic Plumbing. Rather, the insurer asserted that injury arose in connection with Morse's supervision of work performed for it by the concrete subcontractor, On-site Construction & Develop-

ment Corporation. US Fire relies on an exclusion, applicable to Morse as an additional insured, that restricts coverage to bodily injury arising out of an act or omission in "the general supervision of work performed for the additional insured[ ] by [Olympic Plumbing]." Because the stairway was constructed by subcontractors other than defendant Olympic, US Fire concludes that injury could not have occurred in connection with Morse's supervision of Olympic's work.

Besides the general supervision exclusion, the policy contains an exclusion with respect to bodily injury for which Morse is "obligated to pay damages by reason of the assumption of liability in a contract or agreement." Significantly, this provision goes on to state: "This exclusion does not apply to liability for damages that the additional insured[ ] would have in the absence of the contract or agreement."

This language acknowledges that liability may inure to the additional insured on some basis other than negligence (*see Tishman Constr. Corp. of N.Y. v CNA Ins. Co.*, 236 AD2d 211, 213 [Sullivan, J., dissenting]) and indicates that claims against the general contractor arising under the Labor Law are not to be excluded from coverage. The complaint, as augmented by the bill of particulars, states a cognizable claim under Labor Law § 241 (6) because the exposed wire mesh on the landing where injury was sustained constitutes a tripping hazard within the meaning of the Industrial Code (12 NYCRR 23-1.7 [e]).

As regards the supervision exclusion, US Fire has failed to meet its "heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [citing *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652; *Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45]). As concerns the contractual liability exclusion, any ambiguity that might exist with respect to coverage for those damages that the additional insured might be obligated to pay by operation of law must be resolved against the insurer as the party that drafted the provision (*see Consolidated Edison Co. of N.Y. v Hartford Ins. Co.*, 203 AD2d 83, 84). Finally, had the insurer intended to exclude liability imposed vicariously upon an additional insured by operation of law, it would have been a simple matter to have stated as much. Concur—Williams, P.J., Rosenberger, Rubin, Friedman and Gonzalez, JJ.