Bay Plaza Mall, LLC v Argonaut Ins. Co. (2024 NY Slip Op 00734)

Bay Plaza Mall, LLC v Argonaut Ins. Co.

2024 NY Slip Op 00734

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 161470/15, 595125/17 Appeal No. 1645 Case No. 2022-04684 

[*1]Bay Plaza Mall, LLC, et al., Plaintiffs-Respondents-Appellants, The Whiting Turner Contracting Company, Plaintiff,
v
Argonaut Insurance Company, et al., Defendants-Appellants-Respondents. Fairmont Insurance Brokers, Ltd. Defendant-Respondent, B&G Electrical Contractors of New York, Inc., et al., Defendants. (And a Third-Party Action.)

Melito & Adolfsen P.C., New York (Michael F. Panayotou of counsel), for appellants-respondents.
Campolo, Middleton & McCormick, LLP, Ronkonkoma (David H. Green of counsel), for respondents-appellants.
Kinney Lisovicz Reilly & Wolff PC, New York (Gerald William DeLaney of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered September 12, 2022, which denied defendants Argonaut Insurance Company and Colony Specialty Insurance Company's (collectively the Argo defendants) motion for summary judgment declaring that they owe no duty to defend or indemnify any party in two underlying personal injury actions, and denied plaintiffs Bay Plaza Mall, LLC, Prestige Properties & Development Co. Inc., and Mall 1-Bay Plaza, LLC's (collectively plaintiffs) cross-motion for summary judgment on their cross-claims against defendant Fairmont Insurance Brokers, Ltd. for negligent failure to procure proper coverage, unanimously affirmed, with costs.
The Argo defendants have disclaimed coverage for any party in two underlying personal injury actions brought by individuals who were injured while working on a project at premises owned by plaintiffs. The underlying plaintiffs were allegedly employed by B&G Electrical Contractors of NY Inc.
Supreme Court correctly found that the Argo defendants failed to demonstrate as a matter of law that the exclusion in their commercial general liability policy is "stated in clear and unmistakable language" and "applies in [this] particular case" (Westview Assoc. v Guaranty Natl. Ins. Co., 95 NY2d 334, 340 [2000]; see also Consolidated Edison Co. of N.Y. v Hartford Ins. Co., 203 AD2d 83, 84 [1st Dept 1994]). As the court found, the schedule in the exclusion, which defined "ongoing operations" that would not be covered, is rendered ambiguous by the logically inconsistent use of the term "subcontractor." The Argo defendants' proffered definition of "subcontractor" as "an individual or business firm contracting to perform part or all of another's contract" does not resolve the logical inconsistency, since they failed to identify any other contract plaintiffs had in place under which B&G was performing. If the Argo defendants' intent was to broadly exclude work by all entities contracting directly with plaintiffs, "[t]he parties could have easily drafted their agreement to that effect" (Tishman Constr. Corp. of N.Y. v CNA Ins. Co., 236 AD2d 211, 211 [1st Dept 1997]). Moreover, as the motion court found, it is not clear whether the accidents at issue in the underlying actions arose from B&G's electrical work under its contracts, or from general safety conditions at the job site which were not within the scope of B&G's work, or from conditions unrelated to the construction project. Thus, the Argo defendants did not establish that the allegations in the underlying actions come wholly within the exclusion (see Morse Diesel Intl. v Olympic Plumbing & Heating Corp., 299 AD2d 276, 277 [1st Dept 2002], lv dismissed 100 NY2d 577 [2003]). Further, plaintiffs have submitted evidence that the Argo defendants provided coverage for 12 prior similar claims and contend that they are bound by their own "practical construction" of the policy, which presents an issue that cannot be resolved on summary judgment[*2](see Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 655 [1993]; see also Matter of Bank of N.Y. Mellon, 202 AD3d 465, 466 [1st Dept 2022]).
Based on its denial of the Argo defendants' motion, Supreme Court correctly denied plaintiffs' cross-motion for summary judgment on its claims against Fairmont, its insurance broker, for failure to procure appropriate insurance coverage, as premature.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024